[No. S069306. Aug. 14, 2000.]

THE PEOPLE, Plaintiff and Appellant v.
RICARDO AGUIRRE ROBLES, Defendant and Respondent.

## COUNSEL

Gil Garcetti, District Attorney, Brent Riggs and Natasha S. Cooper, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Terry McQuigg and Paula Montez, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KENNARD, J.**—This is the fifth, and probably not the last, in a series of recent decisions by this court that involve Penal Code section 186.22, a

provision of the California Street Terrorism Enforcement and Prevention Act of 1988, also known as the STEP Act.[1] Three of these cases, *People v. Gardeley* (1996) 14 Cal.4th 605 [59 Cal.Rptr.2d 356, 927 P.2d 713], *People v. Loeun* (1997) 17 Cal.4th 1 [69 Cal.Rptr.2d 776, 947 P.2d 1313], and *People v. Zermeno* (1999) 21 Cal.4th 927 [89 Cal.Rptr.2d 863, 986 P.2d 196], concerned subdivision (b)(1) of section 186.22; that subdivision increases the punishment for gang-related felonies. The fourth case, *People v. Castenada* (2000) 23 Cal.4th 743 [97 Cal.Rptr.2d 906, 3 P.3d 278] (*Castenada*), involved subdivision (a), which defines a particular offense to which only gang members are subject. An element of that offense is that the defendant "actively participates in any criminal street gang." (§ 186.22, subd. (a).) In those four decisions, section 186.22 was directly at issue.

This case *indirectly* involves subdivision (a) of section 186.22. There is an express reference to that provision in section 12031, subdivision (a)(2)(C), under which defendant was charged. That subdivision elevates from a misdemeanor to a felony the offense of carrying a loaded firearm in public when committed by "an active participant in a criminal street gang, *as defined in* subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act." (§ 12031, subd. (a)(2)(C), italics added.) Our task is to ascertain what the Legislature meant by the quoted phrase.

## I

Defendant was charged with carrying a loaded firearm in public in violation of section 12031, subdivision (a)(1). That offense is a misdemeanor. (*Id.*, subd. (a)(2)(G).) But the offense was charged as a felony here because, as we mentioned earlier, the complaint also alleged under section 12031, subdivision (a)(2)(C) that defendant was "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." At the preliminary hearing, the prosecution presented this evidence:

Officer Warren Tojong of the Los Angeles Police Department's "Community Resources Against Street Hoodlums" (CRASH) unit was in a marked police car near the intersection of Hyperion Avenue and Sunset Boulevard when he noticed a group of individuals "in gang attire" standing at the corner. Defendant, who was in the group, looked towards the police car and then discarded "a blue metal-like object" in a planter. Officer Tojong detained defendant and retrieved the item, a fully loaded .22-caliber revolver. After his arrest, defendant told Officer Tojong that he was a member of "La Mirada Locos," a local street gang.

Detective Louis Vargas testified that members of La Mirada Locos had committed a series of armed robberies a month before defendant's arrest,

---

[1] All further statutory references are to the Penal Code.

and that the previous year two members of the same gang had stabbed a high school student on a bus. Vargas had no reason to believe that defendant knew of these incidents.

Defendant moved to dismiss the felony complaint. He noted that subdivision (a)(2)(C) of section 12031, under which he was charged, required the prosecution to show he fell within the statutory language of being "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." The latter provision contains no such definition, however; instead it sets forth the elements of a separate offense for gang members. Thus, defendant argued, the prosecution had to, but did not, present evidence on each element of the gang offense described in section 186.22, subdivision (a). In response, the prosecution contended that it need show only one element of the gang offense defined in that provision, namely, that defendant "actively participates" in a criminal street gang. The magistrate agreed with defendant and reduced the felony charge to a misdemeanor.

The prosecution unsuccessfully moved in superior court to reinstate the felony complaint (§ 871.5). On the prosecution's appeal of that denial order (§ 1238, subd. (a)(9)), the Court of Appeal agreed with the prosecution that section 12031, subdivision (a)(2)(C) requires proof of only one element of the offense described in section 186.22, subdivision (a): that the defendant "actively participates" in a criminal street gang. The Court of Appeal, relying on *People v. Green* (1991) 227 Cal.App.3d 692 [278 Cal.Rptr. 140], nonetheless concluded that the superior court had properly denied the prosecution's motion to reinstate the felony complaint. In *Green*, a different Court of Appeal had held that a defendant "actively participates" in a gang within the meaning of section 186.22, subdivision (a) only if the defendant devotes "all, or a substantial part of his time and efforts to the . . . gang." (*People v. Green, supra*, at p. 700.)[2] Here, the prosecution did not present such evidence at the preliminary hearing. We granted review.

## II

Section 12031, subdivision (a)(1) provides: "A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or any public place or on any public street in a prohibited area of unincorporated territory." Generally, the offense is "a

---

[2]In *Castenada*, we disagreed with that definition, holding that a defendant "actively participates" in a criminal street gang within the meaning of section 186.22, subdivision (a) by any gang involvement that is more than nominal or passive. (*Castenada, supra*, 23 Cal.4th at p. 747.)

misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine." (§ 12031, subd. (a)(2)(G).) But the offense becomes a felony punishable by a state prison term of 16 months, two, or three years (§ 18) when, as here relevant, "the person is an active participant in a criminal street gang, *as defined in subdivision (a) of Section 186.22*, under the Street Terrorism Enforcement and Prevention Act." (§ 12031, subd. (a)(2)(C) (section 12031(a)(2)(C)), italics added.)

Contrary to the express language of section 12031(a)(2)(C), however, subdivision (a) of section 186.22 (section 186.22(a)) does not at all *define* the statutory phrase "an active participant in a criminal street gang." Rather, section 186.22(a) sets forth the elements of a gang offense that is punishable either as a felony or a misdemeanor: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." (§ 186.22(a).)

Because section 186.22(a) does not at all define the challenged phrase in section 12031(a)(2)(C), we need to determine what definition the Legislature had in mind when it said in section 12031(a)(2)(C) that the phrase "an active participant in a criminal street gang" was "defined" in section 186.22(a). **(2)** In construing section 12031(a)(2)(C), " 'as with any statute, we strive to ascertain and effectuate the Legislature's intent.' " (*Castenada, supra*, 23 Cal.4th at p. 746; *People v. Loeun, supra,* 17 Cal.4th 1, 8.) "Because statutory language 'generally provide[s] the most reliable indicator' of that intent (*People v. Gardeley, supra,* 14 Cal.4th at p. 621; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804]), we turn to the words themselves, giving them their 'usual and ordinary meanings' and construing them in context (*People v. Loeun, supra,* at p. 9)." (*Castenada, supra,* at p. 747.) If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs. (*Ibid.*) If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent. (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1055 [80 Cal.Rptr.2d 828, 968 P.2d 539].)

The language of section 12031(a)(2)(C) is subject to more than one reasonable construction. Its phrase "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" might refer to the

substantive offense defined in section 186.22(a), as the magistrate here concluded. Or it might refer to just one element of that crime, that the defendant "actively participates in any criminal street gang," as the Court of Appeal here held. Both constructions are plausible. Accordingly, we can consider the legislative history of section 12031(a)(2)(C) to assist us in ascertaining the Legislature's intent.

Section 12031(a)(2)(C) has its origins in Assembly Bill No. 632 (1995-1996 Reg. Sess.). The People point to a comment in a Senate Committee report on that bill as supporting their argument that under section 12031(a)(2)(C) they need prove only one element of the substantive offense defined in section 186.22(a), namely that the defendant "actively participates" in a criminal street gang. The comment in that report states that "other felony penalties may currently apply in some of the situations" covered by the proposed legislation. (Sen. Com. on Crim. Procedure, Rep. on Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended June 2, 1995, com. 3, p. 8 (hereafter Senate Committee Report).) It goes on to state, "For example, if a person is actively engaged in any street gang activity, they [*sic*] are currently subject to potential felony prosecution." (*Ibid.*)

The People offer this reasoning: A person actively engaged in street gang activity can be prosecuted under section 186.22(a), which defines a substantive gang offense that is punishable as either a misdemeanor or a felony. Felony punishment for that crime is 16 months, two, or three years (§ 18) but can be increased by one, two, or three years under section 12021.5, subdivision (a) when a person commits the offense while carrying a firearm.[3] Thus, a defendant who carries a firearm when committing a violation of section 186.22(a) faces a potential six-year prison term. In contrast, one who violates section 12031(a)(2)(C), by carrying a loaded firearm when an active participant in a criminal street gang, as defined in subdivision (a) of section 186.22, commits a felony offense subject to a maximum three-year prison sentence. (§ 18.) According to the People, the Legislature would have had no incentive to have felony liability under section 12031(a)(2)(C) for carrying a loaded firearm depend on proof of a violation of section 186.22(a), when it was aware that a violation of section 186.22(a)'s gang provision, while carrying a firearm (whether loaded or unloaded), already exposed the violator to a potential six years in prison, a term greater than the maximum three-year felony sentence for violating section 12031(a)(2)(C). We are not persuaded.

---

[3]Section 12021.5, subdivision (a) (section 12021.5(a)) provides in relevant part: "Every person who carries a loaded or unloaded firearm on his or her person, or in a vehicle, during the commission or attempted commission of any street gang crimes described in subdivision (a) or (b) of section 186.22, shall, upon conviction of the felony or attempted felony, be punished by an additional term of imprisonment in the state prison for one, two, or three years. . . ."

It is true that a violation of section 186.22(a), when punished as a felony, results in a maximum three-year prison sentence. It is also true that a violation of that section while carrying a firearm triggers section 12021.5(a), which imposes additional punishment of up to three years in state prison. Thus, the People are correct that a defendant violating section 186.22(a) while carrying a loaded firearm could be subject to a longer term of imprisonment (six years) than the maximum three-year term for violating section 12031(a)(2)(C), under which defendant here was charged. What the People overlook, however, is that to be subject to increased punishment under section 12021.5(a) for carrying a firearm "during the commission or attempted commission" of the substantive street gang crime described in section 186.22(a), the carrying of the firearm must occur *as part of* the violation of section 186.22(a).

Thus, it is entirely plausible that the Legislature may have enacted section 12031(a)(2)(C) to cover a situation not subject to felony punishment under section 186.22(a): when the person carrying the loaded firearm had *at some other time* committed a violation of section 186.22(a). This interpretation of legislative intent is consistent with the Senate Committee Report comment on which the People rely. In stating that "other felony penalties *may* currently apply in *some* of the situations" covered by the proposed legislation (Sen. Com. Rep., *supra*, com. 3, p. 8, italics added), the comment suggests the Legislature may have intended the proposed legislation to cover those situations not already subject to felony punishment.

The Senate Committee Report comment also notes the potential for felony punishment under the law in effect before enactment of section 12031(a)(2)(C) (Sen. Com. Rep., *supra*, com. 3, p. 8), an apparent reference to section 186.22(a), which as a "wobbler" is potentially punishable as a felony but is also punishable as a misdemeanor at the discretion of the trial court. When the offense is treated as a misdemeanor, the maximum penalty is only one year in county jail, and the offense is not subject to section 12021.5(a)'s added punishment for carrying a firearm during a *felony* gang offense. Thus, contrary to the People's contention here, the Legislature may have enacted section 12031(a)(2)(C) to ensure that a person violating section 186.22(a) while carrying a loaded firearm will incur felony rather than misdemeanor punishment.

Finally, the People suggest a drafting error in section 12031(a)(2)(C). They argue that in drafting this provision the Legislature mistakenly referred to subdivision (a) of section 186.22 instead of that section's subdivision *(f)*. Under that view, section 12031(a)(2)(C) would elevate from a misdemeanor to a felony the offense of carrying a loaded firearm in public by a defendant

who is "an active participant in *a criminal street gang*, as defined in subdivision *(f)*" of section 186.22, rather than by one who is *"an active participant* in a criminal street gang, as defined in subdivision *(a)*" of that section. (Italics added.) The People point to the Senate Committee Report, which mentions section 186.22, subdivision (f). (Sen. Com. Rep., *supra*, com. 5, p. 8.) As the People correctly note, subdivision (f), unlike subdivision (a), does include a definition—it defines the phrase "criminal street gang." (§ 186.22, subd. (f).) Based on the Senate Committee Report's mention of section 186.22's subdivision (f), the People ask us to assume that section 12031(a)(2)(C)'s reference to "subdivision (a)" of section 186.22 was a drafting error and that the Legislature really intended that reference to be to subdivision (f) of section 186.22. We decline to do so.

▉ This court does not lightly assume drafting error by the Legislature. " 'It is fundamental that legislation should be construed so as to harmonize its various elements without doing violence to its language or spirit.' " (*People v. Garcia* (1999) 21 Cal.4th 1, 6 [87 Cal.Rptr.2d 114, 980 P.2d 829]; *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) Thus, we may disregard statutory language only "when compelled by necessity" and to conform to legislative intent. (*People v. Garcia, supra,* at p. 6; see *People v. Broussard* (1993) 5 Cal.4th 1067, 1072 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) ▉ Such compulsion does not exist here because "the statute is reasonably susceptible to an interpretation that harmonizes all its parts without disregarding or altering any of them." (*People v. Garcia, supra,* at p. 6.) As we have explained, there are two possible harmonizing interpretations of section 12031(a)(2)(C)'s phrase "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." The phrase could refer either to the substantive gang offense defined in section 186.22(a) or to just one element of that offense (that the defendant "actively participates" in a criminal street gang).[4]

Because the legislative history of section 12031(a)(2)(C) gives no clear guidance regarding which of these two meanings the Legislature intended,

---

[4]The dissent asserts that section 12031(a)(2)(C)'s phrase "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" *unambiguously* refers to just one element of the offense defined in section 186.22(a). (Dis. opn., *post,* at p. 1117.) Yet even the People, who advocate the dissent's statutory construction, concede the ambiguity of the phrase. The dissent also stresses that the legislative analysis of then proposed section 12031(a)(2)(C) states the provision would increase the penalty for carrying a loaded firearm "for 'a member of a "street gang," ' " for 'a gang member,' for 'known gang members,' or for 'active members of criminal street gangs.' " (Dis. opn., *post,* at p. 1119.) But gang membership is not an evidentiary requirement of either section 186.22(a)'s "actively participates" element or for a violation of that offense. (See *Castenada, supra,* 23 Cal.4th at p. 747.) Accordingly, the references in the legislative analysis to gang members and gang membership do not at all resolve section 12031(a)(2)(C)'s inherent ambiguity.

we look to yet another rule of statutory construction. ■ When, as here, the language of a penal law is reasonably susceptible of two interpretations, we construe the law "as favorably to criminal defendants as reasonably permitted by the statutory language and circumstances of the application of the particular law at issue." (*People v. Gardeley, supra,* 14 Cal.4th 605, 622; *People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) This "protects the individual against arbitrary discretion by officials and judges and guards against judicial usurpation of the legislative function which would result from enforcement of penalties when the legislative branch did not clearly prescribe them." (*People v. Overstreet, supra,* at p. 896.)

■ Applying that rule here, we construe section 12031(a)(2)(C)'s phrase "active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22" as referring to the substantive gang offense defined in section 186.22(a). We pointed out earlier that contrary to what section 12031(a)(2)(C) says, section 186.22(a) does not at all define the phrase "active participant in a criminal street gang." Instead, section 186.22(a) defines a substantive gang offense, setting forth the elements of that offense. Thus, carrying a loaded firearm in public becomes a felony under section 12031(a)(2)(C) when a defendant satisfies the elements of the offense described in section 186.22(a). Those elements are "actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity" and "willfully promot-[ing], further[ing], or assist[ing] in any felonious criminal conduct by members of that gang." (§ 186.22(a).)

At defendant's preliminary hearing on the felony charge of carrying a loaded firearm in public, the prosecution presented evidence that defendant was a member of a criminal street gang, La Mirada Locos. But the prosecution presented no evidence of the other requirements of section 186.22(a): "knowledge that its members engage in or have engaged in a pattern of criminal gang activity" and "willfully promot[ing], further[ing], or assist-[ing] in any felonious criminal conduct by members of that gang." (§ 186.22(a).) Accordingly, as the magistrate at the preliminary hearing ruled, the prosecution failed to establish the requirement in section 12031(a)(2)(C), under which defendant was charged, that defendant was "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." Because the prosecution failed to do so, defendant could not be held to answer under section 12031(a)(2)(C), which elevates to a felony the misdemeanor offense of carrying a loaded firearm in public.

## DISPOSITION

Although the Court of Appeal was wrong in concluding that section 12031(a)(2)(C) incorporates only the "actively participates in any criminal

street gang" element of the substantive offense defined in section 186.22(a), it reached the correct result in upholding the superior court's order denying the People's motion to reinstate defendant's felony complaint, which the magistrate at the preliminary hearing had dismissed. Therefore, we affirm the judgment of the Court of Appeal.

George, C. J., Mosk, J., Werdegar, J., and Chin, J., concurred.

**BAXTER, J.,** Dissenting.—The majority strains to construe key statutory phrases in a manner inconsistent with the legislative intent as reflected in the language and history of the relevant statutes and as ascertained in our recent opinion in *People v. Castenada* (2000) 23 Cal.4th 743 [97 Cal.Rptr.2d 906, 3 P.3d 278]. I respectfully dissent.

Penal Code section 12031[1] makes it a crime for a person to carry a loaded firearm in public. (*Id.*, subd. (a)(1).) Ordinarily, a person found in violation of this statute is subject to misdemeanor punishment. (*Id.*, subd. (a)(2)(G).) As relevant here, however, section 12031 authorizes felony punishment where the violator "is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 [hereafter section 186.22(a)], under the Street Terrorism Enforcement and Prevention Act."[2] (§ 12031, subd. (a)(2)(C); hereafter section 12031(a)(2)(C).)

As the majority observes, just last month we unanimously concluded in *People v. Castenada, supra,* 23 Cal.4th at pages 745 and 752, that a defendant "actively participates" in a criminal street gang "within the meaning of section 186.22[(a)]" where the defendant's gang involvement "is more than nominal or passive."[3] (Maj. opn., *ante,* at p. 1110, fn. 2.) Logically, then, it follows that a person "is an active participant in a criminal street gang, as

---

[1]All further statutory references are to the Penal Code.

[2]Section 12031 provides in relevant part: "(a)(1) A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. [¶] (2) Carrying a loaded firearm in violation of this section is punishable, as follows: [¶] . . . [¶] (C) Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony . . . ."

[3]Section 186.22(a) provides in full: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

For purposes of section 186.22(a), a "criminal street gang" is defined to mean "any ongoing organization, association, or group of three or more persons, whether formal or informal,

defined in [section 186.22(a)]" where the person's involvement with a criminal street gang is more than nominal or passive. Under this natural and commonsense reading of section 12031(a)(2)(C), the crime of carrying a loaded firearm in public, normally punishable as a misdemeanor, becomes punishable as a felony when the person carrying the firearm is more than nominally or passively involved with a criminal street gang.

As explained in *People v. Castenada,* a person's active participation in a criminal street gang, without more, does not amount to a violation of section 186.22(a): "[T]he Legislature expressly required in section 186.22(a) that a defendant *not only* 'actively participates' in a criminal street gang . . . *but also* that the defendant does so with 'knowledge that [the gang's] members engage in or have engaged in a pattern of criminal gang activity,' *and* that the defendant 'willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang.'" (*People v. Castenada, supra,* 23 Cal.4th at p. 749, italics added.) It therefore is plain that section 186.22(a)'s phrase "actively participates in any criminal street gang" refers to only one of three distinct elements of the offense described in that statute. Notwithstanding the foregoing, the majority effectively construes section 12031(a)(2)(C)'s key reference to "an active participant in a criminal street gang, as defined in [section 186.22(a)]" to mean a person who: (1) actively participates in a criminal street gang by being more than nominally or passively involved in the gang; *and* (2) participates with knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; *and* (3) willfully promotes, furthers, or assists in any felonious criminal conduct by gang members. Accordingly, under the majority's interpretation, section 12031(a)(2)(C) purports to authorize felony punishment only where the prosecution can establish all three criteria and prove not only that the defendant violated section 12031, subdivision (a)(1) by unlawfully carrying a loaded firearm in public, but also that he or she has committed a section 186.22(a) offense by aiding and abetting yet another separate felony offense by gang members (see *People v. Castenada, supra,* 23 Cal.4th at pp. 749, 751). In the majority's view, the prosecution may show that the section 186.22(a) offense was committed either concurrently with the section 12031(a)(1) offense or "*at some other time.*" (Maj. opn., *ante,* at p. 1113.)

The majority's construction flies in the face of section 12031(a)(2)(C)'s express language. By its own terms, the statute applies to any person who "is

having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (23), inclusive, of subdivision (e) [of section 186.22], having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subd. (f).)

an active participant in a criminal street gang, as defined in [section 186.22(a)]"; nowhere does it refer to the two additional elements necessary to establish an offense under section 186.22(a). (See *ante*, fns. 2, 3.) Moreover, section 186.22(a) makes clear through its wording and grammatical structure that its element of active participation in a gang is separate and distinct from its knowledge and aiding and abetting elements. As *People v. Castenada* reflects, we did not discern the meaning of section 186.22(a)'s phrase "actively participates in any criminal street gang" by reference to its other prerequisites for criminal liability. Rather, we construed the phrase by giving the words "actively" and "participates" their usual and ordinary meanings, i.e., "not passive" and " 'to take part in something (as an enterprise or activity).' " (*People v. Castenada, supra*, 23 Cal.4th at p. 747.) I see no basis for giving the phrase "active participant in a criminal street gang" a wholly different meaning here.[4]

Additionally, the express language of section 12031(a)(2)(C) leaves no room for the majority's further conclusion that "it is entirely plausible" that *the section was enacted to apply when the person carrying the loaded firearm had "at some other time"* in the past committed a violation of section 186.22(a). (Maj. opn., *ante*, at p. 1113.) By authorizing felony punishment for a firearm violation specifically "[w]here the person *is* an active participant in a criminal street gang" (§ 12031(a)(2)(C), italics added), the statutory wording defies any notion that increased punishment applies where the person previously "was" an active gang participant who violated section 186.22(a) at some past point in time.

Legislative documents pertaining to the enactment of section 12031(a)(2)(C) also undermine the majority's interpretation. Contrary to the majority's suggestion, none of the legislative analyses or reports reflects an understanding that the provision would mandate felony punishment for a person who carries a loaded firearm either while violating section 186.22(a) (maj. opn., *ante*, at p. 1113) or after having violated section 186.22(a) "*at some other time*" (maj. opn., *ante*, at p. 1113). Indeed, the legislative history contains no indication whatsoever that a violation of section 186.22(a) is a necessary predicate to felony liability under section 12031(a)(2)(C). This stands in sharp contrast to other subdivisions of section 12031 that are

---

[4]If the language of section 12031(a)(2)(C) had made additional reference to a person's active participation in criminal street gang "*activity*," which would connote the aiding and abetting of felonious conduct by gang members as required under section 186.22(a), then the majority's construction might be more tenable. As the legislators themselves recognized when they enacted section 12031(a)(2)(C), section 186.22(a) pertains to a crime that occurs "if a person is actively engaged in any criminal street gang *activity*." (Sen. Com. on Crim. Procedure, Rep. on Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended June 2, 1995, com. 3, p. 8, italics added.)

unequivocal in imposing felony punishment for persons found guilty of other crimes. (E.g., § 12031, subd. (a)(2)(A) ["the person previously has been convicted of any felony, or of any crime made punishable by this chapter [§§ 12000-12101]"]; § 12031, subd. (a)(2)(E) ["the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation"].)

Notably, the legislative analyses of the proposed text of section 12031(a)(2)(C) repeatedly commented that the provision would increase the penalty for unlawfully carrying a firearm from a misdemeanor to a felony for "a member of a 'street gang,'" for "a gang member," for "known gang members," or for "active members of criminal street gangs." (E.g., Assem. Com. on Appropriations, Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended May 3, 1995, p. 1; Sen. Appropriations Com., Fiscal Summary, Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended June 2, 1995, p. 1; Sen. Appropriations Com., Fiscal Summary, Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended July 1, 1996, p. 1; Assem. Floor Analysis, Concurrence in Sen. Amends., Assem. Bill No. 632 (1995-1996 Reg. Sess.) as amended July 1, 1996, p. 2; Assembly 3d reading analysis, Assem. Bill No. 632 (1995-1996 Reg. Sess.), pp. 3, 4.) But none suggested the targeted gang members also must be found guilty of aiding and abetting a separate felony offense by other gang members as required for a section 186.22(a) violation. Viewed in context with the statutory language as enacted ("the person is an active participant in a criminal street gang"), these documents are strongly indicative of a legislative intent to increase the existing punishment for any person who carries a loaded firearm in public while actively involved with a criminal street gang, not merely for those proven violators of section 186.22(a) who, in addition, have "knowledge [of the gang's] pattern of criminal gang activity" and "willfully promote[], further[], or assist[] in any felonious criminal conduct" by gang members. (*Ibid.*)[5]

In sum, I would construe section 12031(a)(2)(C) as providing felony punishment for the crime of carrying a loaded firearm in public in any case where the lawbreaker is more than nominally or passively involved with a

---

[5]The majority correctly notes that gang "membership" is not an evidentiary requirement for section 186.22(a)'s "actively participates" element or for a violation thereunder. (Maj. opn., *ante*, at p. 1114, fn. 4.) That the legislative analyses made repeated references to gang members, however, is consistent with a reasonable belief that active gang members were the primary focus of the statutory provision. The relevant point, which the majority overlooks, is that nothing in the legislative history suggests that the targeted criminals must commit three separate criminal offenses—(1) a firearm offense under section 12031 and (2) the so-called "active participation in a criminal street gang" offense under section 186.22(a), which in turn requires proof of (3) aiding and abetting some other felony offense by gang members—before qualifying for felony punishment under section 12031(a)(2)(C).

criminal street gang. Such construction is supported by both the language and the legislative history of the statute, and is consistent with our recent interpretation of what section 186.22(a) means by the phrase, "[a]ny person who actively participates in any criminal street gang." In my view, this construction is superior to the majority's interpretation, which falls conspicuously short on all three points and deprives the statute of much of its prosecutorial utility.

Because the Court of Appeal analyzed this case under a narrower construction of the relevant statutory phrases, I would remand the matter to allow that court to reexamine the propriety of the superior court's refusal to reinstate the felony allegations against defendant in accordance with the views set forth herein.

Brown, J., concurred.