103 Cal.Rptr.2d 475 (2001)
86 Cal.App.4th 711
The PEOPLE, Plaintiff and Respondent,
v.
Marco Anthony LOZANO, Defendant and Appellant.
No. F032226.
Court of Appeal, Fifth District.
January 24, 2001.
Review Denied April 18, 2001.[**]
*476 Rita L. Swenor, under appointment by the Court of Appeal, San Francisco, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
WISEMAN, J.
A jury convicted defendant of carrying a loaded firearm while he was an active member of a criminal street gang (Pen. Code,[1] § 12031, subd. (a)(2)(C)), and found he did so with the specific intent to promote or assist in criminal conduct by gang members within the meaning of section 186.22. In the published portion of this opinion, we hold the two-year enhancement imposed under section 186.22 violated the proscription of section 654 against double punishment.
I-VI[***]

VII. Section 654 applies to defendant's convictions for violations of sections 12031 and 186.22.
Defendant was convicted of illegal possession of a loaded firearm while an active participant in a criminal street gang and was sentenced to prison for the upper term of three years. His sentence was enhanced two years pursuant to section 186.22, subdivision (b), because in possessing the gun he did so with the specific intent of promoting or furthering criminal conduct by gang members. Defendant asserts the additional enhancement was a violation of the prohibition of double punishment in section 654[4] because he received a gang enhancement to an offense that was already punished more severely due to his active participation in a gang. We agree.
Section 12031 defines the crime of unlawful possession of a loaded firearm. For the most part, this crime is punishable as a misdemeanor. In 1996, section 12031 was amended to make possession of a loaded firearm a felony under certain circumstances, including "[w]here the person is an active participant in a criminal street *477 gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act." (§ 12031, subd. (a)(2)(C), Stats.1996, ch. 787 (Assem. Bill No. 632 (1995-1996 Reg. Sess.).)
The Street Terrorism Enforcement and Prevention Act, also known as the STEP Act, was enacted by the Legislature in 1988. (Pen.Code, § 186.20 et seq.) "Underlying the STEP Act was the Legislature's recognition that `California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods.' (Pen.Code, § 186.21.) The act's express purpose was `to seek the eradication of criminal activity by street gangs.' [Citation.]" (People v. Gardeley, 14 Cal.4th 605, 609, 59 Cal. Rptr.2d 356, 927 P.2d 713.) Section 186.22 was enacted as part of that Act. Section 186.22, subdivision (b)(1) provides:
"Except as provided in paragraph (4), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one, two, or three years at the court's discretion."
Both parties note that there is a split in authority on whether section 654 applies to enhancements. Although the Supreme Court has not directly resolved the issue of the applicability of section 654 to enhancements, the appellate court in People v. Arndt (1999) 76 Cal.App.4th 387, 90 Cal. Rptr.2d 415 found that the Supreme Court's analysis in People v. Coronado (1995) 12 Cal.4th 145, 48 Cal.Rptr.2d 77, 906 P.2d 1232 suggests "the applicability of section 654 depends on the nature of the enhancement at issue." (People v. Arndt, supra, at p. 395, 90 Cal.Rptr.2d 415.) "Coronado held section 654 did not bar the use of a single prior felony drunk-driving conviction and resulting prison term to both elevate the defendant's current drunk-driving conviction to a felony under Vehicle Code section 23175 and to enhance his sentence under Penal Code section 667.5." (Ibid.) The court in Coronado stated:
"Initially, we observe there are at least two types of sentence enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. [Citations.] Prior prison term enhancements, such as those authorized by section 667.5(b), fall into the first category and are attributable to the defendant's status as a repeat offender. [Citations.] The second category of enhancements, which are exemplified by those authorized under sections 12022.5 and 12022.7, arise from the circumstances of the crime and typically focus on what the defendant did when the current offense was committed. [Citation.]" (People v. Coronado, supra, 12 Cal.4th at pp. 156-157, 48 Cal.Rptr.2d 77, 906 P.2d 1232, fn. omitted.)
Although at first blush the enhancement here appears to be based on defendant's status, a closer look demonstrates that it is in fact one based on defendant's current acts or omissions. To be found guilty of section 12031 and section 186.22, subdivision (b), defendant must currently be acting as a gang member or in furtherance of the gang. The increase in punishment is not based on prior facts; it is based on defendant's current actions in the commission of the offense. For example, a defendant may have been a gang member five years earlier but could not be convicted under these sections unless he were currently an active gang member. Further, such a defendant could not be subject to a section 186.22, subdivision (b) enhancement unless his current *478 actions were done in furtherance of the criminal street gang. Thus, the crime and enhancement here are the types of circumstances where Coronado implied that section 654 should apply. (People v. Arndt, supra, 76 Cal.App.4th at pp. 395-396, 90 Cal.Rptr.2d 415.)
Respondent argues that section 654 does not apply because the enhancement requires the specific intent to promote, further or assist in criminal conduct by gang members while section 12031, subdivision (a)(2)(C) does not. Respondent relies on our case of People v. Parrish (1985) 170 Cal.App.3d 336, 217 Cal.Rptr. 700 for support. In Parrish, the defendant was convicted of assault by means of force likely to produce great bodily injury (§ 245). In addition, it was found that he inflicted great bodily injury (§ 12022.7). The defendant appealed, claiming he could not be punished for the great bodily injury enhancements. We noted, "[i]nfliction of great bodily injury is not an element of assault by means likely to produce great bodily injury." (170 Cal.App.3d at p. 343, 217 Cal.Rptr. 700.) In addition, the enhancement required proof of the specific intent, which the underlying crime did not. (Id. at pp. 343-344, 217 Cal.Rptr. 700.) We found the defendant could be separately punished for the great bodily injury enhancement.
"Penal Code section 12022.7 is not a substantive offense by itself. Rather, it is a legislative attempt to punish more severely those crimes which actually result in great bodily injury. [Citations.] Penal Code section 12022.7 applies to all offenses except those where serious bodily injury is already an element of the substantive offense charged. As noted above, a violation of Penal Code section 245, subdivision (a), does not require the showing of any actual injury. Thus, punishment under Penal Code section 245, subdivision (a), with an enhancement under Penal Code section 12022.7 is not double punishment for the same offense in violation of Penal Code section 654. As noted above, Penal Code section 12022.7 does not define a separate offense but merely imposes additional punishment. [Citation.]" (People v. Parrish, supra, 170 Cal.App.3d at p. 344, 217 Cal.Rptr. 700, fn. omitted.)[5]
Defendant acknowledges the distinction noted above in Parrish. He argues, however, that Parrish is inapplicable here because there are no such distinctions between the substantive offense defined by section 12031, subdivision (a)(2)(C) and the enhancement pursuant to section 186.22. The recent California Supreme Court decision in People v. Robles (2000) 23 Cal.4th 1106, 99 Cal.Rptr.2d 120, 5 P.3d 176, which was decided after briefing was completed in this case, supports defendant's position. In Robles, the court determined the Legislature's intent in enacting section 12031, subdivision (a)(2)(C), which elevated the misdemeanor offense of carrying a loaded firearm to a felony when committed by "an active participant in a criminal street gang (23 Cal.4th at p. 1111, 99 Cal.Rptr.2d 120, 5 P.3d 176.)
The Supreme Court stated:
"Contrary to the express language of section 12031(a)(2)(C), however, subdivision (a) of section 186.22 (section 186.22(a)) does not at all define the statutory phrase `an active participant in a criminal street gang.' Rather, section 186.22(a) sets forth the elements of a gang offense that is punishable either as a felony or a misdemeanor: `Any person *479 who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years.' (§ 186.22(a).)
"Because section 186.22(a) does not at all define the challenged phrase in section 12031(a)(2)(C), we need to determine what definition the Legislature had in mind when it said in section 12031(a)(2)(C) that the phrase `an active participant in a criminal street gang' was `defined' in section 186.22(a)." (People v. Robles, supra, 23 Cal.4th at p. 1111, 99 Cal.Rptr.2d 120, 5 P.3d 176.)
The Supreme Court concluded that the phrase "as defined in subdivision (a) of Section 186.22" was susceptible of two interpretations and under well-established law chose the one more favorable to criminal defendants.
"[W]e construe section 12031(a)(2)(C)'s phrase `active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22' as referring to the substantive gang offense defined in section 186.22(a). We pointed out earlier that contrary to what section 12031(a)(2)(C) says, section 186.22(a) does not at all define the phrase `active participant in a criminal street gang.' Instead, section 186.22(a) defines a substantive gang offense, setting forth the elements of that offense. Thus, carrying a loaded firearm in public becomes a felony under section 12031(a)(2)(C) when a defendant satisfies the elements of the offense described in section 186.22(a). Those elements are `actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity' and "willfully promot[ing], furthering], or assisting] in any felonious criminal conduct by members of that gang.' (§ 186.22(a).)" (People v. Robles, supra, 23 Cal.4th at p. 1115, 99 Cal. Rptr.2d 120, 5 P.3d 176.)
Under Robles, we conclude the punishment for the enhancement here was improperly imposed. Defendant's conduct of having in his possession a loaded firearm while actively participating in and promoting felonious criminal conduct by members of his gang both elevated his offense to a felony and qualified his conduct for enhancement. He may be punished for violation of one statute but not both under the facts here. When the violation of a special statute (§ 12031, subd. (a)(2)(C)) will commonly result in a violation of a general statute (§ 186.22, subd. (b)(1)), the special statute controls. (People v. Coronado, supra, 12 Cal.4th at pp. 153-154, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
Because defendant could not be convicted of violating section 12031, subdivision (a)(2)(C) without also committing a violation of section 186.22, subdivision (b)(1), Parrish, supra, is distinguishable, and section 654 applies.

DISPOSITION
The judgment is modified by ordering the two-year enhancement stayed under section 654. The court shall prepare an amended abstract of judgment reflecting this modification, and forward it to the appropriate authorities. In all other respects, the judgment is affirmed.
THAXTER, Acting P.J., and HARRIS, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Parts I-VI.
[**] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977).
[1] All statutory references are to the Penal Code unless otherwise noted.
[***] See footnote *, ante.
[4] Section 654 protects against double punishment, providing, in pertinent part:

"(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."
[5] In this context, we stated, "Penal Code section 654 generally does not apply to enhancements because they do not define a crime or offense but relate only to the penalty imposed under certain circumstances. [Citations.]" (People v. Parrish, supra, 170 Cal.App.3d at p. 344, 217 Cal.Rptr. 700.) This last comment was not the basis for the ruling and was dicta. It was presented as a generality and was made without legal analysis. Accordingly, this general proposition is not controlling here. The dispositive consideration in Parrish cited above was that the enhancement's requirement of infliction of great bodily injury did not overlap with any element of the underlying crime.