Filed 6/27/13  P. v. Gorbea CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047881 |
| v. | (Super. Ct. No. 11NF1998) |
| ROARY WILLIAM GORBEA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

Defendant Roary William Gorbea pleaded guilty to five counts: (1) evading a police officer (Pen. Code, § 2800.2); (2) active participation in a criminal street gang, while carrying a loaded firearm (Pen. Code, § 12031, subd. (a)(1), (2)(C)); (3) participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)); (4) possession of drug paraphernalia (Health & Saf. Code, § 11364); and (5) unlawful possession of a hypodermic syringe (Bus. & Prof. Code, § 4140). He also admitted a gang enhancement under the second count, prior conviction allegations, and prior prison enhancements. The court sentenced defendant to 10 years and 4 months in accordance with its indicated sentence.

In connection with his plea, defendant admitted the following: "I unlawfully drove with willful and wanton disregard for the safety of persons and property and with the intent to flee and elude a distinctively marked pursuing police officer's vehicle which exhibited a lighted red lamp visible from the front that I saw and sounded a siren that I heard. The police vehicle I saw was driven by a police officer in a distinctive police uniform. I also unlawfully carried a loaded firearm in the vehicle I drove as I evaded on public streets while I unlawfully actively participated in West Side La Habra, a criminal street gang, knowing its members have and continue to engage in a pattern of criminal gang activity, and did willfully and unlawfully promote[,] further[,] and assist in felony criminal conduct by member of West Side La Habra by possessing this loaded firearm and evading the police. I committed the above offenses for the benefit of West Side La Habra with the specific intent to promote, further, and assist in criminal conduct by members of West Side La Habra. I also unlawfully and knowingly possessed devices used to smoke and inject controlled substances and a hypodermic needle and syringe."

After the plea and before sentencing, defendant moved to dismiss his court appointed attorney and appoint new attorneys; the court denied the motion. The parties

also stipulated to allow defendant to file a post-guilty plea suppression motion; the court denied the motion.

Defendant filed an appeal and appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Counsel did not suggest any issue for our consideration. Defendant was granted 30 days to file written arguments on his own behalf and he filed a brief noting several issues which we discuss below and find to be without merit. In addition to considering those raised by defendant, we have examined the entire record looking for issues. But, after considering the entire record, we found no reasonably arguable issues. (*Wende, supra*, 25 Cal.3d at p. 441.) We therefore affirm the judgment.

## 1. Denial of Marsden Motion

Defendant made a motion under *People v. Marsden* (1970) 2 Cal.3d 118, to ask for new counsel. We reviewed the transcript of that hearing and found that the court gave defendant a full opportunity to explain his reasons for wanting new counsel. None of these reasons indicate that defendant was receiving inadequate assistance of counsel or that there was a conflict between defendant and his attorney. The motion was appropriately denied.

## 2. The Suppression Motion was Properly Denied

The suppression motion solely dealt with the DNA that had been obtained in connection with an earlier arrest. The recovered firearm had DNA that was found to match the DNA taken from defendant pursuant to a search warrant in connection with the earlier arrest. The only issue raised was the process by which the earlier DNA had been

3

obtained and, based on the evidence, the court appropriately denied the suppression motion.

*3. Issues Raised by Defendant*

As far as we can ascertain, defendant contends, relying on *People v. Robles* (2000) 23 Cal.4th 1106, the prosecution failed to prove his earlier conviction for possession of a gun was a felony. That case deals with the elements that must be proved to establish possession of a firearm is a felony. It holds that before the gang participation raises the possession to a felony, the prosecution must prove all of the elements of Penal Code section 186.22, subdivision (a) and that failure to furnish such proof reduces the crime to a misdemeanor. But since the present case involves a guilty plea and an admission of the enhancements, the kind of proof that would have been required had the case been tried is not relevant.

Defendant also appears to argue that his earlier conviction, which was the basis of an admission of a prior conviction, was similarly inappropriate. Because we do not have a record of the earlier conviction, we cannot evaluate this claim but, again, because this case involves a plea wherein defendant admitted the prior felony conviction, we cannot now evaluate whether the prosecution would have been able to prove this.

All of defendant's arguments appear to deal with the absence of evidence. But where the defendant has pleaded guilty, we cannot evaluate whether all of the elements of the crimes or the enhancements could have been proved if he had elected to go to trial. Nor is it our task to do so.

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


FYBEL, J.