Filed 9/28/23  P. v. Atwell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL VINCENT ATWELL,<br><br>    Defendant and Appellant. | F083580<br><br>(Super. Ct. No. F21904262)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION AND SUMMARY OF CASE[1]

Michael Vincent Atwell (defendant) and Ashley Elizabeth Brown offered J.A. a ride one evening. Once in the vehicle, defendant and Brown pulled out firearms and ordered J.A. to get out of the vehicle and to leave his belongings, which were valued at approximately $1,350 and included an Xbox gaming system, clothing, money, and a cellphone.

The District Attorney of Fresno County filed an information on June 25, 2021, charging defendant with second degree robbery (Pen. Code, § 211;[2] count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). The information also alleged defendant personally used a firearm (§ 12022.53, subd. (b)) as to count 1 and one prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Defendant pleaded not guilty and denied the prior serious or violent felony conviction allegation.

A jury convicted defendant of both counts and found true the personal use of a firearm enhancement on September 24, 2021, after an eight-day jury trial. After defendant waived his right to a jury trial regarding his prior conviction, the prosecutor introduced into evidence certified copies of records relating to defendant's 2014 conviction for active participation in a criminal street gang (former § 186.22, subd. (a)) and witness testimony explaining the records. The evidence showed that on September 5, 2013, a felony complaint was filed in the Superior Court of Santa Clara County alleging that defendant carried a concealed firearm in a vehicle (§ 25400, subd. (a)(1)) and committed the offense for the benefit of a criminal street gang with the intent to promote criminal conduct by gang members (§ 186.22, subd. (b)(1)(A)), carried a loaded firearm

---

[1]     We only briefly summarize the underlying facts because they are not relevant to the issue raised by defendant on appeal.

[2]     Undesignated statutory references are to the Penal Code.

2.

(§ 25850, subd. (a)), and committed second degree burglary with another individual (§§ 459–460, subd. (b)). On June 27, 2014, defendant completed a change of plea form for that case (and a second case) that provided: he would plead no contest to the added charge of participation in a gang pursuant to former section 186.22 subdivision (a), a felony; that the maximum sentence for the charge was three years and eight months; and that the conviction would qualify as a serious or violent felony (a strike offense). The minute order for the change of plea also indicated that defendant pleaded no contest to the added count that charged a violation of former section 186.22, subdivision (a) as a felony. Defendant was sentenced to three years formal probation in that Santa Clara County case on August 19, 2014. The remaining charges of the complaint were dismissed.

In the instant case, the trial court found true that defendant had previously been convicted of section 186.22, subd. (a) and a prior serious felony conviction under the Three strikes law.

The trial court later denied defendant's motion to strike his prior serious or violent felony conviction[3] because robbery is a serious offense, he was a danger to society, and he was not outside the spirit of the Three Strikes law because he was involved in continuous criminal activity that included seven felonies since 2013. The trial court sentenced defendant to 21 years in prison as follows: six years (twice the middle term of three years), plus 10 years (§ 12022.53, subd. (b)), plus five years (§ 667, subd. (a)) as to count 1; and a concurrent term of four years (twice the middle term of two years) as to count 2. The trial court also ordered defendant to pay victim restitution (§ 1202.4,

---

[3]   A defendant's request for this type of leniency is commonly referred to as a "*Romero* motion" pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), although defendants do not actually have a right to make motions under section 1385. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 379 (*Carmony*).)

subd. (f)), a $7,500 restitution fine (§ 1202.4, subd. (b)), and a suspended $7,500 parole revocation restitution fine (§ 1202.45).

Defendant timely appealed on November 23, 2021.  On appeal, defendant requests that we remand his case for resentencing to permit the trial court to re-evaluate his *Romero* motion in light of recent amendments to section 186.22 by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333).  While not articulating a legal basis for his argument, defendant contends that had he been sentenced after the effective date of amendments to section 186.22, the prosecution would have been required to prove that his 2014 conviction for violation of former section 186.22, subdivision (a) was still a crime under the amendments in order to qualify as a prior serious or violent felony conviction.  The People respond that defendant's argument is an impermissible collateral attack on his prior conviction and that defendant's 2014 prior conviction for active participation in a criminal street gang pursuant to former section 186.22, subdivision (a) is unaffected by recent amendments to section 186.22.  We affirm the judgment.

## DISCUSSION

### I.  Background

The Three Strikes law defines a prior serious or violent felony conviction as an offense defined in section 667.5, subdivision (c) or section 1192.7, subdivision (c). (§ 667, subd. (d)(1).)  Section 1192.7, subdivision (c) defines a "serious felony" as "any of the following:  [¶]  … (28) any felony offense, which would also constitute a felony violation of Section 186.22."  (§ 1192.7, subd. (c)(28), added by the Gang Violence and Juvenile Crime Prevention Act of 1998 [Prop. 21, as approved by voters, Gen. Elec. (Mar. 7, 2000)].)  As our Supreme Court has recognized, section 1192.7, subdivision (c)(28) refers both to the substantive offense contained in section 186.22, subdivision (a) as well as a felony violation of any felony offense that includes the section 186.22, subdivision (b)(1) gang sentence enhancement.  (*People v. Briceno*

4.

(2004) 34 Cal.4th 451, 459–460, 464.) The People presented evidence that defendant pleaded no contest to a felony violation of active participation in a criminal street gang in violation of former section 186.22, subdivision (a). Therefore, defendant's 2014 prior felony conviction for active participation in a criminal street gang pursuant to former section 186.22, subdivision (a) is a prior serious felony as the trial court so found.

Effective January 1, 2022, the Legislature amended section 186.22. (Stats. 2021, ch. 699, § 3.) "Assembly Bill 333 has made several noteworthy changes to the law governing gang enhancements and penalties. First, Assembly Bill 333 'narrows the definition of " 'criminal street gang' " to "an *ongoing, organized association or group* of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more [enumerated criminal acts], having a common name or common identifying sign or symbol, and whose members *collectively* engage in, or have engaged in, a pattern of criminal gang activity." [Citations.]' [Citation.] Assembly Bill 333 also increases the prosecution's burden of proof by 'alter[ing] the requirements for proving the "pattern of criminal gang activity" necessary to establish the existence of a criminal street gang.' [Citations.] Among other things, Assembly Bill 333 requires that the predicate offenses used to demonstrate a pattern of criminal gang activity must have ' "commonly benefited a criminal street gang" 'where the ' "common benefit … is more than reputational." ' " (*People v. Renteria* (2022) 13 Cal.5th 951, 961, fn. 6, first & fourth bracketed insertions in original.)

Defendant argues that he is entitled to a new hearing on his motion to strike his prior conviction where the People would have to prove that his 2014 conviction meets the requirements of section 186.22, subdivision (a), as amended by Assembly Bill 333. Defendant has failed to cite any authority to support his argument that he is entitled to resentencing in order to relitigate his motion to strike his prior serious felony conviction based upon changes to section 186.22.

## II.     Standard of Review and Applicable Law

Section 1385 grants trial courts discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice.  (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 504, 529–530.)  " '… A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited.  Its exercise must proceed in strict compliance with … section 1385[, subdivision ](a) .…' " (*People v. Williams* (1998) 17 Cal.4th 148, 158, third bracketed insertion added.)  The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero*, at p. 528; accord, *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].)

The Three Strikes law establishes " 'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike,' " unless the sentencing court finds a reason for making an exception to this rule.  (*Carmony*, *supra*, 33 Cal.4th at p. 377.)  There are "stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid*.)  In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard.  (*Carmony*, *supra*, 33 Cal.4th at p. 374.)  The Three Strikes law establishes that not striking a prior serious felony conviction is the norm, and there is a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id*. at p. 378.)  An abuse of discretion is established by demonstrating that the trial court's decision was "irrational or arbitrary.  It

6.

is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) "Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 378, first bracketed insertion added.)

## III. Analysis

While recognizing that we review the trial court's decision to deny his motion to strike for an abuse of discretion, defendant does not argue that the trial court abused its discretion in denying his motion to strike. The record here " 'demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " and we are required to affirm the trial court's ruling. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) Defendant argues, however, that amendments to section 186.22 provide him an additional argument to attempt to influence the trial court to exercise his discretion to strike his prior serious felony conviction, and the matter should be remanded to allow him to relitigate his motion. However, defendant fails to cite any authority that supports his entitlement to a new *Romero* hearing in these circumstances.

While defendant does not challenge the trial court's finding that his 2014 conviction for active participation in a criminal street gang is a prior serious felony conviction pursuant to sections 667, subdivision (d) and 1192.7, subdivision (c), he argues that we should "remand for a new *Romero* hearing, in which the prosecution is afforded the opportunity to establish that the evidence supports a conviction of section 186.22, subdivision (a) under the amended law" and, if unable to do so, the trial court should dismiss or strike the prior conviction. Defendant has cited no legal authority

7.

to support his argument that his 2014 prior conviction for violation of former section 186.22 is no longer a prior serious felony unless the prosecution proves that the conviction meets the requirements of section 186.22, as amended by Assembly Bill 333.

However, in *People v. Scott* (2023) 91 Cal.App.5th 1176 (*Scott*), the Court of Appeal rejected Scott's challenge that under section 186.22, as amended by Assembly Bill 333, there was insufficient evidence that his prior 2009 conviction for unlawful taking or driving of a vehicle and former section 186.22, subdivision (b) gang enhancement was a strike. (*Scott*, at pp. 1181–1182.) In 2009, the true finding on the gang enhancement (former § 186.22, subd. (b)) established that the underlying crime was a strike. (*Scott*, at p. 1180.) Scott argued, however, that because Assembly Bill 333 was ameliorative legislation, it applied to all convictions not yet final on its effective date (see *People v. Tran* (2022) 13 Cal.5th 1169, 1206), and the true finding on his strike prior was not yet final. (*Scott*, at p. 1181.) "In his view, then, whether the prior violated section 186.22—and hence whether it constitute[d] a strike—must be evaluated under section 186.22 as amended by Assembly Bill No. 333." (*Ibid*.)

We agree with *Scott* that section 186.22, as amended, does not apply to prior section 186.22 convictions as in this case. *Scott* reasoned, "The [T]hree [S]trikes law provides: 'Notwithstanding any other law … : [¶] … The determination of whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction .…' (§ 1170.12, subd. (b)(1); accord, § 667, subd. (d)(1).) In other words, 'the Legislature intended that the qualifying status of a conviction would be *fixed* upon the date of the prior conviction .…' [Citation.] This 'mean[s] that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense .…' [Citation.] It therefore does not matter if the definition of a strike has subsequently changed." (*Scott*, *supra*, 91 Cal.App.5th at pp. 1181–1182, third & fifth bracketed insertions in original.)

Scott argued that a change in the law could vitiate a strike prior relying upon *People v. Watts* (2005) 131 Cal.App.4th 589 (*Watts*) and *People v. Strike* (2020) 45 Cal.App.5th 143 (*Strike*). (*Scott*, *supra*, 91 Cal.App.5th at pp. 1182–1184.) In *Watts*, Watts admitted a prior conviction under former section 12031, subdivision (a)(2)(C), which prohibited carrying a loaded firearm in public while " 'an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22.' " (*Watts*, at p. 592, quoting former § 12031, subd. (a)(2)(C).) Thereafter, in *People v. Robles* (2000) 23 Cal.4th 1106, our Supreme Court held that section 12031, subdivision (a)(2)(C) was not violated just because Robles was an active participant in the gang, but also required proof of the other elements of section 186.22, subdivision (a) that included Robles knowing the gang members had participated in a pattern of criminal gang activity and promoting, furthering, or assisting in felonious conduct by gang members. (*Robles*, at p. 1115.) We held in *Watts* that a pre-*Robles* conviction, therefore, would not necessarily establish that a prior conviction was a strike because it would not necessarily establish all the elements of the offense as later interpreted. (*Watts*, at pp. 594–597.)

In *Strike*, Strike argued that his prior conviction for active gang participation (former § 186.22, subd. (a)), which was based on a guilty plea, did not constitute a strike. (*Strike*, *supra*, 45 Cal.App.5th at pp. 146–147.) After Strike's prior conviction, our Supreme Court decided *People v. Rodriguez* (2012) 55 Cal.4th 1125 and held that a gang member acting alone cannot violate section 186.22, subdivision (a), and that an active gang member must commit a felony offense with one or more fellow gang members. (*Rodriguez*, at p. 1139.) The *Strike* court held that Strike's guilty plea, standing alone, failed to establish that the prior conviction was a strike because at the time Strike entered his plea, it was not a required element of the gang participation offense that Strike had committed a felony offense with another member of his gang. (*Strike*, at p. 149.) "This change in the interpretation of section 186.22[, subdivision,](a) rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike." (*Id*. at p. 150.)

9.

*Scott* held that *Watts* and *Strike* were not controlling because they dealt with changes in the *judicial* interpretation of a statute, rather than amendments to the statute itself. (*Scott*, *supra*, 91 Cal.App.5th at p. 1183.) " ' "The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." ' " (*Ibid.*, quoting *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207.) "Accordingly, in *Robles* and *Rodriguez*, when the Supreme Court interpreted section 186.22, subdivision (a), it declared not only what that section meant at that time, but what it had always meant—including when the defendants in *Watts* and *Strike* suffered their respective prior convictions." (*Scott*, at p. 1184.)

Scott relied "on rules applicable to *statutory* amendments, particularly the rule that '[n]ewly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date.' [Citation.] [Citation.] However, [Scott]'s 2009 conviction is long since final. When it became final, it was a strike. The fact that the Legislature has changed the definitions of active gang participation and of a gang enhancement under section 186.22 cannot change the status of [Scott]'s final 2009 conviction as a strike prior." (*Scott*, *supra*, 91 Cal.App.5th at p. 1184, first & second bracketed insertions in original; see *ibid.*, fn. 4 ["We do not believe that *Watts* and *Strike* conflict with our holding that the status of a prior as a strike is fixed at the time of the conviction. If they could be read as conflicting with it, however, we would decline to follow them, because they did not consider the effect of the relevant language in the [T]hree [S]trikes law."].)

We conclude that defendant has not demonstrated that he is entitled a new *Romero* hearing to challenge whether his 2014 conviction for active participation in a criminal street gang should be dismissed or stricken.[4]

---

[4] Because we resolve defendant's present contention on the grounds just discussed, we do not reach the People's argument that defendant's contention is an impermissible collateral attack on his conviction.

**DISPOSITION**

The judgment is affirmed.


                                                                    HILL, P. J.

WE CONCUR:


PEÑA, J.


MEEHAN, J.