[No. B040614. Second Dist., Div. One. June 11, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES W. SANCHEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Carl A. Gonser, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Linda C. Johnson and Leslie McElroy, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ORTEGA, J.**—A jury convicted appellant of second degree robbery with use of a knife. (Pen. Code, §§ 211, 212.5, subd. (b), 12022, subd. (b).) The only evidence connecting appellant to the crime was the victim's identification, in court and at a photographic lineup. Appellant's witnesses testified that at the time of the robbery, appellant was on the job as a maintenance worker. Appellant testified and was impeached with a prior grand theft conviction. He was sentenced to prison. On appeal he seeks reversal because (I) the court erred in failing to instruct the jury sua sponte on CALJIC No. 2.92, (II) the prosecutor committed misconduct in questioning a defense witness about his criminal record, and (III) the court erred in allowing impeachment with the prior grand theft conviction. We reject his contentions and affirm the judgment.

DISCUSSION

I

No case has imposed a sua sponte duty to instruct the jury on CALJIC No. 2.92.[1] The cases have gone no further than requiring that it "or a comparable instruction should be given *when requested* in a case in which identification is a crucial issue and there is no substantial corroborative evidence. [Citation.]" (*People v. Wright* (1988) 45 Cal.3d 1126, 1144 [248 Cal.Rptr. 600, 755 P.2d 1049], italics added.)

No case has specifically held that the trial court need not give CALJIC No. 2.92 sua sponte. However, as respondent points out, such a ruling must be implied from *People v. Blair* (1979) 25 Cal.3d 640 [159 Cal.Rptr. 818, 602 P.2d 738]. There, the California Supreme Court noted at pages 662-663 that the defendant had requested neither CALJIC No. 2.91 (prosecutor's burden of proving beyond a reasonable doubt the accuracy of eyewitness identifications) "nor the more elaborate instructions on identification set forth in *People v. Guzman* (1975) 47 Cal.App.3d 380, footnote 1 [121 Cal.Rptr. 69], at pages 386-387[ ]." The *Guzman* instructions, taken together, are similar to CALJIC No. 2.92. The Supreme Court held it was not error to fail to give the instructions sua sponte since "the court's general instructions on credibility and burden of proof were sufficient to inform the jury of the test they should apply to the identification evidence. [Citation.]" (*People v. Blair, supra*, 25 Cal.3d at p. 663.)

---

[1] All CALJIC instructions referred to are from the fifth edition (1988), unless otherwise noted.

CALJIC No. 2.92 provides in its entirety: "Eye witness testimony has been received in this trial for the purpose of identifying the defendant as the perpetrator of the crime[s] charged. In determining the weight to be given eye witness identification testimony, you should consider the believability of the eye witness as well as other factors which bear upon the accuracy of the witness' identification of the defendant, including, but not limited to, any of the following: [¶] [The opportunity of the witness to observe the alleged criminal act and the perpetrator of the act;] [¶] [The stress, if any, to which the witness was subjected at the time of the observation;] [¶] [The witness' ability, following the observation, to provide a description of the perpetrator of the act;] [¶] [The extent to which the defendant either fits or does not fit the description of the perpetrator previously given by the witness;] [¶] [The cross-racial or ethnic nature of the identification;] [¶] [The witness' capacity to make an identification;] [¶] [Evidence relating to the witness' ability to identify other alleged perpetrators of the criminal act;] [¶] [Whether the witness was able to identify the alleged perpetrator in a photographic or physical lineup;] [¶] [The period of time between the alleged criminal act and the witness' identification;] [¶] [Whether the witness had prior contacts with the alleged perpetrator;] [¶] [The extent to which the witness is either certain or uncertain of the identification;] [¶] [Whether the witness' identification is in fact the product of [his] [her] own recollection;] [¶] [ ] [¶] Any other evidence relating to the witness' ability to make an identification."

■ Here, the jury was appropriately instructed on all other factors including weighing credibility of witnesses (CALJIC No. 2.20 (4th ed. 1979 pocket pt.)), weighing conflicting testimony (CALJIC No. 2.22), and the prosecution's burden to prove identity beyond a reasonable doubt (CALJIC No. 2.91 (4th ed. 1979 pocket pt.)). As in *Blair*, "[i]t was unmistakable to the jury that defendant was challenging the reliability of [the] identification, and these instructions were sufficient to inform them that the prosecution had the burden of proof on that issue and that defendant should be acquitted if they had a reasonable doubt on the matter." (*People* v. *Blair, supra*, 25 Cal.3d at p. 663.)

We perceive a good reason why no sua sponte duty to give CALJIC No. 2.92 has evolved. The instruction cuts two ways. While it may be of benefit to a defendant in a particular case, so may it enhance the prosecution's argument in another. Each case relying on identification by a single witness is as unique as are individual human beings. Different witnesses will exhibit differing degrees of certainty, confidence, credibility, and ability to communicate. Each incident will present its own unique situation in terms of opportunity to observe. Stress may cause one witness to indelibly imprint the identification in his or her mind and another to repress the incident. We can readily see why a particular defendant may not want the trial judge to call to the jury's attention the very factors a prosecutor thinks are the strong points of the state's case. We leave it to able defense counsel to request CALJIC No. 2.92 if, in consideration of the particular situations with which they are faced, the conclusion is drawn that the instruction will be beneficial. We also leave it to defense counsel to maintain silence on the matter and hope the prosecutor will not request the instruction in other situations. CALJIC No. 2.92 is not the type of instruction that should cause such maneuvering to be removed from the sphere of trial tactics by imposition of a duty to instruct sua sponte.

For example, here the 3:30 p.m. robbery occurred at a store where appellant was seen shoplifting underwear. The eyewitness, a store employee, followed appellant out to the parking lot. A face-to-face confrontation ensued and appellant threatened the witness with a knife while telling him to " 'back off.' " The witness gave police an accurate description of appellant. Within two weeks, the witness identified appellant from a photographic lineup. He exhibited no uncertainty in identifying appellant in court. The witness had seen appellant in the store on occasions prior to the robbery. From the record, it appears both the witness and appellant are Hispanic. As can readily be seen by assessing this evidence in light of the instruction, most of the factors in CALJIC No. 2.92 would have weighed in favor of the accuracy of the identification. It is apparent why a defense counsel, under such circumstances, may choose not to request the instruction. Having the

trial judge read the very factors which the prosecutor is likely to argue seems unlikely to benefit the accused.

We hold a trial court is under no duty to deliver CALJIC No. 2.92 sua sponte.[2]

## II, III*

. . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Devich, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 30, 1990.

---

[2] We note the CALJIC committee, in light of the language in *People* v. *Wright, supra*, 45 Cal.3d at page 1144, has opined in its Comment to CALJIC No. 2.92 that there is no sua sponte duty to so instruct. (CALJIC No. 2.92 (5th ed. 1990 pocket pt.) Comment.)

* See footnote, *ante*, page 74.