[No. B148513. Second Dist., Div. Four. May 1, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNEST PADILLA, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.

**COUNSEL**

Sally P. Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Theresa A. Cochrane, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

## VOGEL (C. S.), P. J.—

### I

### INTRODUCTION

Preparing to stop a vehicle for Vehicle Code violations, sheriff's deputies observed appellant Ernest Padilla, the right front passenger, making a motion as if stuffing an object between the passenger and driver seats. After stopping and searching the vehicle they found a concealable handgun in that area. A jury convicted appellant, as charged in two counts, of possession of a firearm by a convicted felon (Pen. Code, § 12021, subd. (a)(1)) and carrying a concealed firearm in a vehicle while an occupant of the vehicle. (Pen. Code, § 12025, subd. (a)(3).)[1] The court found true the allegations of prior serious felony convictions and sentenced appellant to prison for 25 years to life under the "Three Strikes" law. (§ 667, subds. (b)-(i).)

Appellant contends that due to trial court and trial counsel error, the jury was inadequately instructed on the elements and defenses relating to both charges. He adds that in any event the evidence is insufficient to support either conviction. He further contends one of the counts should be vacated on the ground it is a lesser included offense of the other. We reject these contentions in the published portion of this opinion.

In the nonpublished portion of this opinion, we address his additional contentions the court prejudicially erred in refusing to suppress evidence of a statement made by him while detained in a patrol car, the giving of CALJIC No. 17.41.1 on juror misconduct deprived him of rights associated with jury trial, the court erred in limiting conduct credits, and the abstract of judgment has errors. We agree only with appellant's minor contentions that conduct credits were miscalculated and the enhancements under section 667.5 were "stricken" as distinguished from "stayed." We therefore modify and affirm the judgment.

### II

### FACTS

Los Angeles County Sheriff's Deputies Murray Simpkins and Daniel Spitulski were on patrol when they noticed a Cadillac with three occupants.

---

[1] All further statutory references are to the Penal Code.

The Cadillac did not have a front license plate, and the right front passenger, appellant, was not wearing a seat belt. The deputies got behind the Cadillac and lit the patrol car's overhead lights to initiate a traffic stop.

The Cadillac did not immediately pull over. It continued traveling almost a city block. From immediately behind in their patrol car the deputies observed motions made by appellant that continued until the Cadillac finally pulled over. At trial both deputies described these motions in detail, and Deputy Simpkins demonstrated them to the jury. The described lifting of the right shoulder, turning of the head and body to the left, and repeated up and down motions toward the center area of the front seat gave the appearance of appellant's reaching for something from his right pocket or waistband and then "stuffing" something down into the center area of the seat.

When the Cadillac pulled over, Deputy Simpkins asked appellant to get out and placed appellant in the rear seat of the patrol car. The driver, Richard Marquez, and the rear seat passenger, appellant's father, were also ordered out of the Cadillac and were detained near the curb by Deputy Spitulski. Deputy Simpkins then went into the Cadillac to the center front-seat area toward which appellant had made the stuffing motion. The front seat was the split bench seat type: the driver and passenger sections of the front seat were independently adjustable; there was no center console but rather a gap between the two portions of the split bench seat. The gap was big enough that Deputy Simpkins could insert his hand between the seats without touching them. Deputy Simpkins could see in the gap a Kleenex box and the grip end of a gun protruding from under the Kleenex box.

Deputy Simpkins momentarily left the gun there. He alerted Deputy Spitulski privately by code words, then returned to the patrol vehicle to talk to appellant.

Deputy Simpkins did not tell appellant he had found a gun. He simply asked appellant, "What else is in the car?" Appellant said nothing, and Deputy Simpkins repeated the question. Appellant said, "There's nothing else in there but the gun."

Deputy Simpkins then retrieved the gun, a loaded .25-caliber handgun. Appellant was arrested and taken to a police station. After appellant was advised of and waived his constitutional rights, Deputy Simpkins asked him about the gun. Appellant stated the gun was not his, it was Marquez's; appellant was unaware of it until Marquez threw it at him or tossed it to him; after Marquez gave it to him, appellant stuffed it into the seat.

Appellant did not testify at trial but relied on this statement as his defense. Marquez testified for the prosecution that the gun was not his and he had no knowledge of it.

## III

CONTENTIONS RELATING TO ELEMENTS OF AND DEFENSES TO THE
CHARGES

*Section 12025, Subdivision (a)(3)*

Section 12025, subdivision (a)(3) provides: "(a) A person is guilty of
carrying a concealed firearm when he or she does any of the following: [¶]
. . . [¶] (3) *Causes to be carried concealed within any vehicle* in which he or
she is an occupant any pistol, revolver, or other firearm capable of being
concealed upon the person." (Italics added.)

 Appellant contends violation of the statute requires proof that the
accused occupant *brought* the gun *into* the car. Based on this premise he
contends (1) his conviction should be reversed for insufficiency of evidence
to establish this supposed element and (2) his conviction should be reversed
because the court responded to a jury question on this precise point by
instructing the jury, "Causes to be carried concealed within any vehicle in
which he or she is an occupant can mean an occupant personally bringing a
firearm into a vehicle and then concealing it, *or the occupant concealing a
firearm in a vehicle that he or she did not bring into the vehicle.*" (Italics
added.)

Appellant's premise is erroneous. The statute does not require the accused
to have brought the gun into the car.

 When statutory language is clear, courts do not resort to other aids to
determine legislative intent. (*People v. Robles* (2000) 23 Cal.4th 1106, 1111
[99 Cal.Rptr.2d 120, 5 P.3d 176].) The statutory *language* in section
12025 does *not* state the requirement asserted by appellant. By using the
phrase "[c]auses to be carried concealed within any vehicle," the Legislature
clearly intended to impose broader criminal liability than suggested by
appellant.

In any event, legislative history and a commonsense interpretation of the
ordinary meaning of the words support the instruction given by the trial
court. (*People v. Robles, supra,* 23 Cal.4th at p. 1111.) Subdivision (a)(3) of
section 12025 was added by chapter 459 of the Statutes of 1997 (Assem. Bill
No. 304). The already existing subdivision (a)(1) and (2) punished those who
(1) carried a gun "concealed within any vehicle which is under his or her
control," or (2) carried a gun "concealed upon his or her person." The report
of the Assembly Committee on Public Safety described the new provision,

subdivision (a)(3), as follows: "Passengers Hiding Guns. [¶ a) Current law. Under current law, if a gun is carried concealed in a vehicle and it is not on the person of a passenger, then only the driver may be prosecuted for a concealed carrying violation. The Los Angeles District Attorney's office has had several cases wherein passengers who were gang member[s] hid guns in vehicles in such a manner that only the driver may be prosecuted. In addition, there have been cases wherein the passenger 'set up' the driver by hiding the gun unbeknownst to the driver. [¶ b) AB 304. At the request of the Los Angeles District Attorney's office, this bill amends Section 12025 to specifically make it a crime applicable to the occupant when the occupant of the vehicle causes to be carried a concealed handgun within any vehicle in which he or she is an occupant." (Assem. Com. on Pub. Safety, Rep. on Assem. Bill No. 304 (1997-1998 Reg. Sess.) Apr. 8, 1997, p. 6.)

Appellant caused the gun to be carried concealed in a vehicle in which he was an occupant, by concealing the gun between the seats. His conduct fits the language and purpose of the statute. The prosecution was not required to prove that appellant initially brought the gun into the car. The evidence was sufficient to support appellant's conviction, and the trial court's response to the jury question was correct.

### Defense of Unintentional Temporary Possession

At the police station after advisement of his constitutional rights, appellant stated that the gun belonged to Marquez and appellant was unaware of it until Marquez threw it to appellant, then appellant stuffed it into the seat. Appellant did not testify at trial but relied on this prior statement for his defense.

Appellant contends this statement, if believed, would constitute a complete defense to both charges, possession of a firearm by a convicted felon, and causing a firearm to be carried concealed in a vehicle. Based on this premise he contends (1) trial counsel was incompetent for failing to request a "pinpoint" jury instruction that appellant's unintentional temporary possession would constitute a defense, and (2) appellant's statement was uncontradicted and therefore the evidence is insufficient to support either conviction.

■ The latter contention, insufficiency of evidence, is patently without merit. Appellant assumes the truth of his statement to police and fails to give effect to substantial contrary evidence and inferences. ■ In reviewing a claim of insufficiency of evidence the appellate court must consider the whole record, view the evidence in the light most favorable to the judgment, presume every fact the trier of fact could reasonably deduce from the

evidence, and defer to the trier of fact's determination of the weight and credibility of the evidence. (*People v. Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110].) Marquez denied the gun was his. The sheriff's deputies described motions by appellant supporting the reasonable inference that appellant was the initial possessor who withdrew the gun from his front pocket or waistband before concealing it between the seats. The jury was entitled to discredit appellant's self-serving statement.

 Only appellant's other contention concerning failure to request a pinpoint instruction warrants discussion. Appellant's trial counsel argued to the jury that Marquez unexpectedly tossed the gun to appellant and appellant put the gun away because, "What's he supposed to do?" He concluded, "The fact that [appellant] had a gun dropped in his lap when police officers are pulling him over is not possession. That is not possession. You think logically. You be fair about it. You know it's not." On appeal appellant contends, "Trial counsel erred by failing to request a pinpoint instruction stating that if the jury found appellant had accidentally come into possession of the gun when it was thrown to him, appellant did not automatically violate [the two charged sections]. Appellant only committed the charged offenses if he continued to possess the gun for an unreasonable time without taking steps to get rid of it." (Citing *People v. Jeffers* (1996) 41 Cal.App.4th 917 [49 Cal.Rptr.2d 86].)

In *Jeffers*, cited by appellant, the defendant delivered to a gun shop a box wrapped in a paper bag, saying that a friend asked him to deliver it. The box contained a gun, and the defendant, a convicted felon, was convicted of violating section 12021. On appeal he contended the jury was not properly instructed on his defense that he did not know what was in the package. The appellate court agreed. It stated there must be joint operation of act and criminal intent; a person who commits a prohibited act through misfortune or accident with no criminal intent has not committed a crime; and "[t]hus, a felon who acquires possession of a firearm through misfortune or accident, but who has no intent to exercise control or to have custody, commits the prohibited act without the required wrongful intent." (*People v. Jeffers, supra,* 41 Cal.App.4th at p. 922.)

The reversible error in *Jeffers,* however, was the trial court's *failure* to give CALJIC No. 3.30 on the union of act and general criminal intent, which the appellate court held was critical to the jury's understanding of the defendant's defense. (*People v. Jeffers, supra,* 41 Cal.App.4th at pp. 923-925.) *Jeffers* is not controlling here, because CALJIC No. 3.30 *was given* in appellant's case. It provided, "In the crime[s] charged in Counts one and two, namely, possession of a firearm by a felon, and the crime of occupant

with a concealed firearm in a vehicle, there must exist a union or joint operation of act or conduct and general criminal intent. General intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful."

Appellant fails to offer specific language that he contends should have been included in a requested pinpoint instruction more particularly describing appellant's defense. We note that in *Jeffers* the appellate court did *not* approve, and in fact described as "flawed," the defendant's requested instruction that " '[t]he ex-felon violates the law only if he continues to possess the firearm for an unreasonable time, without taking steps to rid himself of the firearm.' " (*People v. Jeffers, supra,* 41 Cal.App.4th at pp. 924-925.)

We conclude that trial counsel's failure to request any additional specific instruction in this case does not establish incompetence of counsel. ■ To prevail on a claim of ineffective assistance of counsel, appellant must show (1) trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the inadequacy was prejudicial, that is, there is a reasonable probability that but for counsel's unprofessional errors the result of the trial would have been more favorable. (*People v. Diaz* (1992) 3 Cal.4th 495, 557 [11 Cal.Rptr.2d 353, 834 P.2d 1171].) If counsel's omissions resulted from an informed tactical choice within the range of reasonable competence, the conviction must be affirmed. On appeal, the conviction must be affirmed unless there could be no conceivable reasonable purpose for counsel's omission. (*Id.* at pp. 557-558; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [62 Cal.Rptr.2d 437, 933 P.2d 1134]; *People v. Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

■ Here, trial counsel could reasonably conclude that a more specific instruction would not help the defense. It is ironic that appellant cites by analogy the line of drug possession cases beginning with *People v. Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115]. There the defendant claimed to have taken possession of his companion's narcotics kit solely to throw it away in a field. The Supreme Court held the jury should have been instructed that if the defendant had no contact with the narcotics other than to remove them from his companion and immediately throw them away, such momentary possession was not unlawful. (*Id.* at pp. 419, 422; see *People v. Martin* (2001) 25 Cal.4th 1180, 1191 [108 Cal.Rptr.2d 599, 25 P.3d 1081] [limiting *Mijares* to momentary transitory possession for the purpose of disposal].) It has always been the rule under *Mijares*, and

embodied in CALJIC No. 12.06, that such a defense does *not* extend to possession and control for the purpose of preventing imminent seizure by law enforcement. (*People v. Mijares, supra*, 6 Cal.3d at p. 422 ["We emphasize that our decision in no way insulates from prosecution under the narcotics laws those individuals who, fearing they are about to be apprehended, remove contraband from their immediate possession."]; *People v. Martin, supra*, 25 Cal.4th at p. 1185, fn. 5; CALJIC No. 12.06, par. 4.) Had appellant's trial counsel focused the court and prosecutor on drafting a specific instruction highlighting appellant's theory of the case, an instruction on the limitations of such a defense unfavorable to appellant might justifiably have been included. From the prosecution's perspective, the evidence clearly showed appellant was merely attempting to remove the gun from his immediate possession and conceal it upon imminent discovery and apprehension by police. (*People v. Sonleitner* (1986) 183 Cal.App.3d 364, 370 [228 Cal.Rptr. 96] [as deputies entered residence, defendant ran to bathroom to flush narcotics; "[i]n running to the bathroom at the approach of the sheriffs, his purpose was obviously the destruction of evidence, which *Mijares* emphasizes is not within its rationale"; trial court was not required to instruct sua sponte on a *Mijares* defense].) Appellant's trial counsel could reasonably conclude as a tactical matter that it was better to leave the instructions general and to argue, as he did, a commonsense rather than legalistic interpretation of possession and criminal intent. (See *People v. Sanchez* (1990) 221 Cal.App.3d 74, 77 [270 Cal.Rptr. 275] [reasonable trial counsel might choose not to request CALJIC No. 2.92, specific factors in evaluating eyewitness testimony, because it might favor the prosecution more than the defendant].)

In any event, the strength of the prosecution evidence that appellant possessed the gun and deliberately hid it between the seats negates any reasonable probability that the outcome would have been more favorable to appellant had counsel requested a pinpoint instruction. (See *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218 [233 Cal.Rptr. 404, 729 P.2d 839].)

### *Lesser Included Offense*

The trial court found that section 654 precludes double punishment on both counts and accordingly stayed execution of sentence as to count 2. Appellant contends, however, that his conviction on count 1, possession of a firearm by a convicted felon, should be *vacated* on the ground it is a lesser included offense of count 2, causing to be carried concealed in a vehicle a firearm capable of being concealed on the person. There is no merit to this contention.

A lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in

the accusatory pleading, include all the elements of the lesser offense, such that the greater *cannot be committed without also committing the lesser.* (*People v. Sanchez* (2001) 24 Cal.4th 983, 988 [103 Cal.Rptr.2d 698, 16 P.3d 118].)

The statutory elements of a violation of section 12025, subdivision (a)(3), and as charged in the accusatory pleading in count 2, are that a person caused to be carried concealed within a vehicle in which he or she was an occupant a pistol, revolver, or other firearm capable of being concealed upon the person. The person need not be previously convicted of a felony to violate the statutory elements of the crime; a prior conviction is only a sentencing factor in subdivision (b) of the statute. (*People v. Hall* (1998) 67 Cal.App.4th 128, 131, 134-135 [79 Cal.Rptr.2d 690].) The accusatory pleading in this case, however, expressly accused appellant of prior qualifying convictions coming within subdivision (b).

The statutory elements of a violation of section 12021, subdivision (a)(1), and as charged in the accusatory pleading in count 1, are that a person, who has previously been convicted of a felony, had in his or her possession or under his or her custody or control any firearm.

Appellant's contention is based on his premise that "a felon cannot conceal a firearm in a car without also possessing the firearm." We disagree. As noted *ante*, the language of section 12025, subdivision (a)(3) covers a wide range of conduct; it can be violated by "caus[ing]" a firearm to be "carried concealed within any vehicle." It is theoretically possible for a person to cause to be concealed a firearm that is not in his or her possession, custody, or control, such as by conduct that conceals from view a firearm that is in the possession and control of another person. Therefore, possession is not a necessarily included offense.

## IV

### OTHER CONTENTIONS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V

### DISPOSITION

The judgment is modified to provide that the defendant is awarded credit for time served in the total amount of 294 days, consisting of 196 actual days

*See footnote, *ante*, page 127.

plus 98 days of conduct credit. The judgment is further modified to provide that the enhancements pursuant to section 667.5, subdivision (b) are stricken. As so modified, the judgment is affirmed. The trial court shall send a corrected abstract of judgment to the Department of Corrections.

Epstein, J., and Curry, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 17, 2002. Brown, J., did not participate therein.