MEMORANDUM **
Eduardo Martinez-Valdez appeals his conviction and sentence for being a deported alien found in the United States ’in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the district court’s denial of a motion to dismiss the indictment, United States v. Cortez-Rivera, 454 F.3d 1038, 1040 (9th Cir.2006), as well as its determination that a prior conviction qualifies as an “aggravated felony” under the Sentencing Guidelines. United States v. Figueroa-Ocampo, 494 F.3d 1211, 1213 (9th Cir.2007). We affirm the district court’s denial of the motions to dismiss the indictment, but remand for resentencing.
1. Martinez-Valdez contends that the district court erred in denying his motion to dismiss the indictment on the basis of allegedly improper grand jury instructions. He argues that the grand jury instructions violated the Fifth Amendment by improperly limiting the grand jury’s discretion to *508 decline to indict in the presence of probable cause. We disagree. The instructions here substantially mirrored those approved in Cortez-Rivera and United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir.2005) (en banc), and, despite some unnecessary verbiage, adequately conveyed the independence of the grand jury. Although the charge did incorporate by reference statements made during the voir dire that push the limits of the instructions previously approved in Navarro-Vargas, these statements must be understood in context: they were made in response to potential jurors’ expressions of disagreement with certain criminal laws.[1] As made clear by Navarro-Vargas, instructions forbidding grand jurors from “question[ing] the wisdom of the criminal laws” do not violate the Fifth Amendment, 408 F.3d at 1202-04, and thus the voir dire statements here do not render the instructions unconstitutional.
2. Martinez-Valdez appeals the denial of his motion to dismiss the indictment due to invalidity of the underlying deportation order. He contends that the immigration judge (“IJ”) failed to properly advise him of his eligibility for voluntary departure and improperly limited such eligibility, rendering the removal order “fundamentally unfair.” See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004). Specifically, he alleges that the IJ improperly conditioned such relief on ability to pay travel expenses.
We agree with the district court that the IJ did not err in limiting eligibility for voluntary departure to those able to pay the necessary travel expenses to leave the country. Indeed, the terms of the voluntary departure statute expressly limit such relief to those able to depart at their own expense. See 8 U.S.C. § 1229c(a)(l). And while an alien need not “establish by clear and convincing evidence that the alien has the means to depart the United States” to be eligible for voluntary departure prior to the completion of removal proceedings, as he must to be eligible for such relief after proceedings have concluded, the IJ imposed no such evidentiary burden here by simply asking Martinez-Valdez whether he had the necessary funds for departure. Compare 8 U.S.C. § 1229c(a)(1) and 8 C.F.R. § 1240.26(b)(1), with 8 U.S.C. § 1229c(b)(1)(D) and 8 C.F.R. § 1240.26(c)(1)(iv); see also In re Eloy Arguelles-Campos, 22 I. & N. Dec. 811, 817 (BIA 1999). Because the removal proceedings were not “fundamentally unfair,” the district court properly denied Martinez-Valdez’s motion to dismiss the indictment.
3. Finally, Martinez-Valdez contends that the district court erred by concluding that his prior conviction under California Penal Code section 12031 for carrying a loaded weapon in public was an aggravated felony, and thus warranted an 8-level adjustment of his offense level under U.S.S.G. § 2L1.2(b)(l)(C). Specifically, he argues that the district court erred in determining that felon status is an “element” “necessary for a conviction” of the state crime. See Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1073 (9th Cir.2007) (en banc). We agree.
Section 12031 is divided into several subsections; as relevant here, subsection (a)(1) describes the offense conduct, and subsection (a)(2) describes the sentencing factors that may result in an enhanced sentence. Felon status, listed under (a)(2)(A), is “a factor that elevates the *509 sentence for the offense” of carrying a loaded weapon in public, “not an element of the crime[ ].”[2] People v. Reed, 38 Cal.4th 1224, 45 Cal.Rptr.3d 353, 137 P.3d 184, 191 (2006) (Moreno, J., concurring and dissenting); see also id., 45 Cal.Rptr.3d 353, 137 P.3d at 188 (majority opinion); cf. People v. Padilla, 98 Cal.App.4th 127, 119 Cal.Rptr.2d 457, 464 (2002) (interpreting a recidivist provision in a similar California gun statute as a sentencing enhancement provision rather than an element necessary for conviction). Although the government is correct that felon status must be submitted to a jury and proved beyond a reasonable doubt for the section 12031(a)(2)(A) recidivist enhancement to apply, this does not transform the “penalty enhancement provision” into “an element of the crime charged.” United States v. Thomas, 355 F.3d 1191, 1195 (9th Cir.2004) (holding that although the penalty provisions relating to drug type and quantity in 21 U.S.C. § 841(b) must be treated like elements in that they must be submitted to a jury and proven beyond a reasonable doubt, they are nonetheless not elements of the offense). Because Martinez-Valdez’s prior conviction under section 12031 was not an aggravated felony, we vacate the sentence and remand for resentencing.
For the foregoing reasons, we AFFIRM Martinez-Valdez’s conviction, VACATE his sentence, and REMAND for resentenc-ing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Martinez-Valdez also takes issue with a statement during the voir dire that petit jurors "cannot consider” penalty information and “[wje’d ask you to also abide by that.” Because we cannot say that the phrase “we'd ask” is less permissive than the term "should,” our analysis in Cortez-Rivera is controlling. 454 F.3d at 1040-41.

. We recognize that this court suggested otherwise in dicta in United States v. Camper, 384 F.3d 1073, 1076 (9th Cir.2004), but defer instead to the California Supreme Court’s interpretation of state law.