RYMER, Circuit Judge,
concurring in part and dissenting in part:
I agree we lack jurisdiction to consider the BIA’s discretionary denial of voluntary departure. I part company with respect to whether California Penal Code § 12025(a) categorically constitutes a firearm offense under 8 U.S.C. § 1227(a)(2)(C). Informed by California’s interpretation of its own statute, section 12025(a)(3) covers conduct that does not involve possession, custody, or control over the firearm. See People v. Padilla, 98 Cal.App.4th 127, 138, 119 Cal.Rptr.2d 457 (2002). The federal statute, on the other hand, covers conduct, such as possession or carry, that manifests control over a firearm. Even constructive possession requires some control over the firearm. See United States v. Thongsy, 577 F.3d 1036, 1041 (9th Cir.2009); People v. Mejia, 72 Cal.App.4th 1269, 1272, 85 Cal.Rptr.2d 690 (1999).
While we must be careful not to engage in “legal imagination” when construing a state statute, here, Padilla held that § 12025 covers conduct broader than custody or control over a firearm in order to sustain the defendant’s conviction. This reading of the statute is based not on legal imagination but on a state court’s application of the statute in an actual case. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).
Because the conviction documents in the record do not clearly establish that Gil’s conduct fell within the ambit of § 1227(a)(2)(C), I would grant the petition and remand to the BIA to determine Gil’s eligibility for cancellation of removal aside from his conviction. See Young v. Holder, 634 F.3d 1014, 1020 & n. 4 (9th Cir.2011); Femandez-Ruiz v. Gonzales, 466 F.3d 1121, 1133-35 (9th Cir.2006) (en banc).[1]

. Because I would grant the petition on this basis, I would not reach the issue of whether the antique firearms exception to § 1227(a)(2)(C) renders it narrower than § 12025(a).