Filed 8/18/16  P. v. Chann CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. NICH CHANN, Defendant and Appellant. | B268223 (Los Angeles County Super. Ct. No. NA101409) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Lynette G. Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

_____

The jury found defendant and appellant Nich Chann guilty in count 3 of possession of a firearm by a felon.[1]  (Pen. Code, § 29800, subd. (a).)[2]  The trial court sentenced defendant to three years in state prison.[3]

Defendant contends that there is insufficient evidence to support his conviction. We affirm the judgment.

## FACTS

On the evening of February 27, 2015, Officers Henry Vong and Ryan Solorio observed a Vehicle Code violation and conducted a traffic stop of a G.M.C. Yukon driven by defendant.  The Yukon had a bench front seat, with room for the driver, a middle passenger, and a passenger on the far right.  A female was in the front right passenger seat of the Yukon, where she remained throughout the stop, never moving toward the center front seat.  Officer Solorio entered the driver's side door and immediately observed a pistol in plain sight in a separation between the driver's seat and the middle seat.  The pistol was "less than an arm's reach distance" from the driver's seat. Officer Solorio removed the pistol which was loaded with three live .22 caliber rounds. The prosecution introduced photographs depicting the firearm between the driver's seat and the center seat.  Officer Solorio confirmed that the photographs correctly reflected the firearm's position in the vehicle.

Officer Solorio performed a check on the serial number of the pistol; it was not registered to defendant or the female passenger, and was not reported stolen.  The officers

---

[1] Two additional counts were dismissed on the motion of the prosecution and were not submitted to the jury.

[2] Unless otherwise indicated, all statutory references are to the Penal Code.

[3] Various prior prison term allegations, which defendant had admitted, were dismissed at the time of sentencing.

did not contact the registered owner of the pistol and did not ask the female passenger if she knew who owned it.

It was stipulated that the firearm "was processed for latent prints" but the fingerprint testing "yield[ed] negative results." It was further stipulated that DNA swabs were collected from the firearm, "and the results are yet unknown."

## DISCUSSION

Defendant contends the verdict is not supported by substantial evidence. He argues that the evidence does not support the finding that he had dominion and control over the firearm, and the evidence was insufficient to prove he had knowledge that the firearm was inside the vehicle. Defendant asserts he did not own the vehicle[4] and the female passenger had been left alone in the vehicle while officers asked him to step outside, suggesting that the firearm may have belonged to the passenger or the vehicle's owner. His contention is without merit.

"In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on the ground of insufficiency of the evidence is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"'Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the

---

[4] The prosecution offered no evidence to establish defendant owned the vehicle.

3

circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.'" [Citations.]'" (*People v. Stanley* (1995) 10 Cal.4th 764, 792-793.)

"'The statutory elements of a violation of [former] section 12021[, subdivision] [(a)(1)] . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm.' (*People v. Padilla* (2002) 98 Cal.App.4th 127, 138, italics added.) [¶] Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . , such an act is not an essential element of a violation of [former] section 12021[, subdivision] (a) because a conviction of this offense also may be based on a defendant's *constructive* possession of a firearm. (See *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417; *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm 'is established by showing a knowing exercise of dominion and control' over it].) 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' (*People v. Sifuentes, supra,* 195 Cal.App.4th at p. 1417.)" (*People v. White* (2014) 223 Cal.App.4th 512, 524.)

"[P]ossession may be established by circumstantial evidence and any reasonable inferences to be drawn from such evidence." (*People v. Williams* (1971) 5 Cal.3d 211, 215, superseded by statute on another issue as noted in *People v. Romero* (1997) 55 Cal.App.4th 147, 152-153.) "Implicitly, the crime is committed the instant the felon in any way has a firearm within his control." (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1410, italics omitted.)

Defendant claims there is insufficient evidence to prove he had knowledge of the pistol's presence in the vehicle. This is incorrect. Officer Solorio's testimony establishes that the firearm was in plain view next to where defendant had been in the driver's seat. Officer Solorio immediately observed the gun upon entering the vehicle. Officer Solorio's description of the location of the firearm within the vehicle, the noticeable

4

presence of the weapon, and its location less than arm's length from where defendant was seated in the vehicle, supports the reasonable inference that defendant had knowledge of its presence.

Defendant also claims there is insufficient evidence that he possessed the firearm. He contends that the female passenger or the owner of the vehicle could have placed it in the vehicle. "'Conviction is not precluded . . . if the defendant's right to exercise dominion and control over the place where the contraband was located is shared with another. [Citations.]' (*People v. Valerio* (1970) 13 Cal.App.3d 912, 921.)" (*People v. Williams* (2009) 170 Cal.App.4th 587, 625.) Defendant was driving the vehicle and the firearm was situated easily within reach of where he was seated. The notion that defendant's passenger might also be in possession of the firearm is of no moment, as the law recognizes that possession can be both constructive and shared. The jury could reasonably conclude from the facts, viewed in the light most favorable to the judgment, that defendant was in actual or constructive possession of the firearm.

We are satisfied that the record contains evidence of defendant's guilt that is reasonable, credible, and of solid value. Substantial evidence supports the conviction.

## DISPOSITION

The judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P.J.          RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.