Filed 9/30/16  P. v. Espudo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| THE PEOPLE, | H042639 |
| | (Santa Cruz County |
| Plaintiff and Respondent, | Super. Ct. No. F28335) |
| v. | |
| ANTHONY DAVID ESPUDO, | |
| Defendant and Appellant. | |

Defendant Anthony David Espudo was convicted by a jury of a count of simple possession of controlled substances in jail (Pen. Code, § 4573.6).[1]  The trial court suspended imposition of sentence and placed him on probation for three years subject to various terms and conditions.  On appeal, defendant argues the court erred when it failed to instruct the jury with the defense of transitory possession and the lesser included offense of simple possession.  We find no error and affirm the judgment.

**BACKGROUND**

1.  *The Information*

On May 4, 2015, defendant was charged by information with a count of bringing controlled substances into a jail in violation of section 4573.  Defendant pleaded not guilty to the offense.  On June 26, 2015, the prosecution amended the information, reducing the count of bringing drugs into a jail to a lesser charge of simple possession of controlled substances in jail (§ 4573.6).

---

[1] Unspecified statutory references are to the Penal Code.

2. *The Evidence at Trial*

On March 7, 2015, Santa Cruz Police Officer Erich Hoppe was assigned to the Neighborhood Enforcement Team. At around 10:30 p.m., Hoppe was investigating suspected drug activity at a residence located at 356-A Ocean Street. When he arrived at the house, Hoppe observed indications of drug use, including used hypodermic needles, used drug packaging, small metal cookers used to heat heroin for ingestion, and at least one glass methamphetamine pipe. There were approximately five to six individuals at the house, including defendant. Hoppe arrested defendant, walked defendant to his patrol car, conducted a pat search, and emptied out defendant's pockets. Hoppe then placed defendant in the rear of his patrol car and transported him to jail. Hoppe's patrol car had a divider between the front passenger compartment and the rear, and the back seat was a hard plastic molded seat with no openings. There was no contraband in the back seat before and after defendant was in the car.

After arriving at the jail, Officer Hoppe completed defendant's booking paperwork, searched defendant again, and asked him if he was holding anything he should not have such as contraband. When searching individuals being taken inside the jail, Hoppe explained that he typically checks the individual's pockets, waistline, pant legs, socks, and shoes. Hoppe cannot do a more thorough strip search at that time. Hoppe warned defendant that he could face an additional criminal charge if he brought contraband inside the jail. Defendant did not indicate he was in possession of contraband. Afterwards, Hoppe accompanied defendant to the intake room. At that point, a member of the jail staff took custody of defendant. Hoppe explained that once a member of the jail staff takes custody of a defendant, the staff completes a medical screening and searches the defendant again.

Leonel Martinez was employed as a correctional officer for the Santa Cruz County Sheriff's Office at the time of defendant's arrest. Officer Martinez explained that once an arresting officer brings someone into the jail facility, correctional officers conduct a pat

down search. Once the individual is admitted to the main jail, they undergo a strip search before they are housed.

Officer Martinez first encountered defendant in the open seating area of the booking platform. Earlier, defendant had been inside a holding room for approximately nine to 10 hours. Other individuals may have been inside the same room as defendant. The holding rooms are monitored by a security camera, and there were no reports that defendant had acted suspiciously while he was inside the holding room. When Martinez encountered defendant, he was still wearing his personal clothing. Martinez instructed defendant to walk to the shower room where he could get dressed. Martinez opened the door to the shower room and told defendant to step inside and remove his clothing for a search. At that point, defendant began taking his clothing off. As defendant removed his sweater, Martinez saw defendant motion as if he was throwing something from near his waist area. Martinez heard something fall against the stainless steel shower. Defendant was facing Martinez at the time.

Officer Martinez called for another correctional officer to stand guard while he went inside the shower room to find the object that had struck the shower. Martinez asked defendant to step outside the room. Martinez then found a plastic bindle on the floor of the shower. Although this information was not included in his written report, Martinez said he noticed the bindle smelled like vinegar and feces. The substance inside the bindle tested positive for heroin. When asked, defendant told Martinez the bindle must have fallen out of his pocket.

3. *Verdict and Sentencing*

After the trial, the jury found defendant guilty of one count of possession of drugs in jail (§ 4573.6). On July 14, 2015, the trial court suspended imposition of sentence and placed defendant on three years' probation subject to various terms and conditions.

3

On appeal, defendant argues the court erred when it failed to instruct on the defense of transitory possession. Defendant also argues that because the defense of transitory possession was supported by substantial evidence, the trial court should have also instructed on the lesser included offense of simple possession.

1. *Instruction on Transitory Possession*

    a. **Overview and Standard of Review**

"A judge must instruct on the law applicable to the facts of the case and a defendant has a right to an instruction that pinpoints the theory of the defense [citations]; however, a trial judge must only give those instructions which are supported by substantial evidence. [Citations.] Further, a trial judge has the authority to refuse requested instructions on a defense theory for which there is no supporting evidence." (*People v. Ponce* (1996) 44 Cal.App.4th 1380, 1386.) "Evidence is 'substantial' only if a reasonable jury could find it persuasive. [Citation.] The trial court's determination of whether an instruction should be given must be made without reference to the credibility of the evidence. [Citation.] The trial court need not give instructions based solely on conjecture and speculation." (*People v. Young* (2005) 34 Cal.4th 1149, 1200.) "On appeal, we independently review the court's refusal to instruct on a defense." (*People v. Orlosky* (2015) 233 Cal.App.4th 257, 270.)

    b. **Analysis**

Defendant requested the trial court instruct the jury with CALCRIM No. 2305, the defense of momentary or transitory possession of a controlled substance. CALCRIM No. 2305 lists three elements for the defense: (1) the defendant must have possessed the controlled substance only for a momentary or transitory period, (2) the defendant possessed the controlled substance in order to abandon, destroy, or dispose of it, and (3) the defendant did not intend to prevent law enforcement officials from obtaining the controlled substance.

The California Supreme Court has recognized the defense of transitory possession. In *People v. Mijares* (1971) 6 Cal.3d 415, 418-419 (*Mijares*), the court held that in certain limited circumstances, criminal defendants whose sole contact with a controlled substance was for the limited purpose of disposal would not be liable for the crime of possession. For example, in *Mijares*, the defendant drove over and picked his friend up at a street corner. The friend lost consciousness while in the defendant's car. The defendant attempted to revive his friend and thought he might be overdosing on drugs. (*Id*. at p. 419.) The defendant looked inside his friend's pocket, found drugs, threw the drugs out of the car, and drove his friend to a fire station. (*Ibid*.) The Supreme Court reversed the defendant's conviction for possession of drugs, finding the jury should have been instructed that the defendant's brief handling of the drugs in that particular situation did not constitute possession. (*Id*. at p. 423.)

The rule set forth in *Mijares* was clarified by the Supreme Court in *People v. Martin* (2001) 25 Cal.4th 1180, 1191 (*Martin*), which held that "the defense of transitory possession devised in *Mijares* applies only to momentary or transitory possession of contraband for the purpose of disposal . . . ." Additionally, the defense does not apply to "possession and control for the purpose of preventing imminent seizure by law enforcement." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 137.)

Defendant argues he was entitled to an instruction on transitory possession, because there was substantial evidence supporting the defense. He argues that a reasonable interpretation of the evidence is that he did not know he was in possession of any contraband at the time of his arrest and only discovered he was in possession of drugs when Officer Martinez conducted the search in the shower area. And when he discovered the drugs, he immediately threw the bindle away from his body under the continuous surveillance of Officer Martinez, which guaranteed law enforcement would find the bindle.

5

First, defendant has not cited to any cases applying the *Mijares* defense to a situation where an individual had the drugs in their possession for an extended period of time, did not realize the drugs were in his or her possession, then reflexively abandoned the drugs after becoming aware of the drugs.  As stated in *Mijares* and *Martinez*, the defense applies only to *momentary or transitory possession* of contraband for the purposes of disposal.  (*Mijares*, *supra*, 6 Cal.3d at p. 423; *Martin*, *supra*, 25 Cal.4th at p. 1191.)  In essence, defendant concedes that he was in physical possession of the drugs for a prolonged period of time, but argues he only *knew* he was in possession of the drugs for a fleeting moment before he disposed of the bindle.  If, however, it is proven that defendant did not *knowingly* possess drugs in jail, he would not be found guilty of violating section 4573.6.  Possession requires that a defendant both know of the presence of the substance and know of the character of the substance that is possessed.  (*People v. Carrasco* (1981) 118 Cal.App.3d 936, 944.)  Regardless, even if we assume the defense of transitory possession applies in the circumstances described by defendant here, we would find the instruction was not warranted.

In part, defendant relies on *People v. Burnham* (1986) 176 Cal.App.3d 1134.  In *Burnham*, the appellate court found the trial court erred when it failed to sua sponte instruct on the defense of belief as to consent for rape.  (*Id*. at p. 1139.)  There, the defendant's theory of defense was that his wife voluntarily participated in the alleged acts.  During trial, the defendant repeatedly asserted his wife was a willing participant.  (*Id*. at p. 1143.)  There was also circumstantial evidence from which the jury could infer the defendant believed his wife consented, including letters written to the defendant from his wife professing her love, testimony that the wife had orally professed her love for the defendant, and testimony that the wife carried a loaded pistol in her purse and could have threatened the defendant with it if necessary.  (*Id*. at p. 1148.)  Based on the foregoing, the court concluded that although the defendant's testimony regarding his wife's consent could be characterized as unreasonable or incredible, "[t]he fact that evidence may be

6

incredible, or is not of a character to inspire belief, does not authorize the refusal of an instruction based thereon, for that is a question within the exclusive province of the jury." (*Id*. at p. 1143.)

We do not agree with defendant that *Burnham* is instructive. We find defendant's argument that he discovered the drugs were in his possession only moments before he disposed of them in the shower room based purely on speculation. It is possible that he did in fact discover he was in possession of the drugs right before he attempted to dispose of the bindle. This version of events does not contradict the evidence presented at trial. We do not, however, believe that this was a reasonable inference that logically flows from the facts that were presented.[2] "By definition, 'substantial evidence' requires *evidence* and not mere speculation. In any given case, one 'may *speculate* about any number of scenarios that may have occurred . . . . A reasonable inference, however, "may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work. [¶] . . . A finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities without evidence." ' " (*People v. Cluff* (2001) 87 Cal.App.4th 991, 1002.)

A jury instruction on a defense is only warranted if there is substantial enough evidence for a reasonable jury to find it persuasive. (*People v. Young*, *supra*, 34 Cal.4th at p. 1200 ["Evidence is 'substantial' only if a reasonable jury could find it persuasive."].) Here defendant's theory of transitory possession is premised on guesswork and imagination. Therefore, no jury instruction was warranted.

_____

[2] Defendant argues the following facts support an inference that he discovered he had the drugs in his possession only moments before he disposed of the bindle and did not intend to prevent law enforcement from discovering the drugs: (1) he was a known drug user and was found in a home with indicia of drug use, (2) he was in a holding area for an extended period of time where he did not attempt to dispose of the bindle even though he was not under the scrutiny of correctional officers, (3) he threw the bindle away while under the supervision of Officer Martinez.

Additionally, even if we agree with defendant that the circumstances of the crime supported an inference that he did not know he was in possession of the drugs until moments before he attempted to dispose of the bindle, there is still no substantial evidence supporting the instruction. First, there was no direct evidence of defendant's state of mind presented at trial. Therefore, defendant's argument he possessed the drugs momentarily for the sole purpose of disposal is, at best, minimally supported. In contrast, there was evidence at trial indicating that defendant did not possess the drugs only momentarily. Based on Officers Martinez and Hoppe's respective testimonies, there was evidence that defendant was found in possession of the drugs after he had been pat searched several times, asked if he had narcotics, and placed in a holding room for approximately nine hours. Furthermore, there is no evidence that defendant only discovered the bindle at the moment of the strip search. In fact, there was evidence to the contrary. Officer Martinez testified the bindle had an odor of feces, which was circumstantial evidence that defendant may have been purposefully hiding the bindle from officers.

Regarding the third element of the transitory possession defense, defendant argues there is substantial evidence he did not intend to prevent law enforcement officials from obtaining the drugs, because he threw the bindle away while he was being observed by Officer Martinez in the shower room. Throwing the bindle away, however, is not substantial evidence defendant intended for law enforcement to find the drugs. Defendant did not hand the drugs over to Martinez. He also did not alert any of the officers that he was in possession of drugs. Rather, defendant tossed the bindle away from himself toward the shower stall. When asked about the bindle by Martinez, defendant responded that it must have fallen from his pocket. Defendant's statement to Martinez is inconsistent with his theory that he possessed the drugs solely to dispose of them.

8

Thus, we do not find the trial court erred when it denied defendant's request to instruct the jury with the defense of transitory possession based on the minimal evidence presented in support of the defense. There was no substantial evidence to support the instruction.

2. *Instruction on Simple Possession*

Defendant was charged with a single count of possession of a controlled substance in jail (§ 4573.6). The elements of the offense are: (1) the defendant possessed a controlled substance; (2) the defendant knew he possessed the controlled substance; (3) the defendant knew the nature of the controlled substance; (4) the defendant possessed a usable amount; and (5) the defendant was in jail or under the custody of prison officials at the time of possession. (§ 4573.6; *People v. George* (1994) 30 Cal.App.4th 262, 277.) Defendant argues that because the defense of transitory possession was supported by substantial evidence, the trial court should have also instructed the jury with the lesser included offense of simple possession (Health & Saf. Code, § 11350).

As stated in his opening brief, defendant's argument on this point is contingent on our finding there was substantial evidence supporting his transitory possession defense. Defendant claims "an instruction on transitory possession was required given the facts of this case, which in turn necessitated an instruction on simple possession." In other words, defendant argues that if the jury concluded that he was not guilty of possession of a controlled substance *in jail* based on the transitory possession defense, the evidence presented could have reasonably supported a finding that he knowingly possessed the heroin at some point prior to his arrest and was therefore guilty of simple possession.

Here, we have found the trial court did not err in refusing to give the instruction on the transitory possession defense. Accordingly, since defendant's argument pertaining to the trial court's failure to instruct on simple possession is dependent on a finding that

9

substantial evidence supports the transitory possession defense, this argument also necessarily fails.

3. *Cumulative Error*

Lastly, since we find no merit in defendant's arguments, we need not address his claim that the cumulative prejudice of the instructional errors warrants reversal of his conviction.

## DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Premo, J.


WE CONCUR:




_____
　　　　Rushing, P.J.




_____
　　　　Walsh, J.*

---

* Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.