Filed 11/18/21  P. v. Rogers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C089779 |
| Plaintiff and Respondent, | (Super. Ct. No. TF16000201) |
| v. | |
| MAURICE DIAUNDRA ROGERS, | |
| Defendant and Appellant. | |

A jury found defendant Maurice Diaundra Rogers guilty of first degree murder and the trial court sentenced him to 25 years to life, plus an additional 25 years for the special allegation that defendant used a firearm in the commission of the murder.  On appeal, defendant contends he received ineffective assistance of counsel because trial counsel did not ask the court to instruct the jury on the defense of subjective provocation, which could have reduced the murder charge from first degree to second.  We find counsel was not ineffective.

Defendant also contends the matter should be remanded to allow the trial court to consider whether to grant defendant mental health diversion pursuant to Penal Code section 1001.36. [1] We conclude defendant forfeited the issue by failing to raise it prior to sentencing.

Defendant also notes a clerical error in the abstract of judgment. We will direct the trial court to correct the abstract of judgment and affirm the judgment.

BACKGROUND

In April 2016, defendant and his girlfriend Felicia Spruell-Jones were evicted from their home. Days after they were evicted, Spruell-Jones's dead body was found underneath a highway exit overpass, a gunshot wound in her face, and a shell casing several feet away. She also had injuries on her face and arm that were consistent with a car driving over her. It was later determined that the gunshot to her face was the primary cause of Spruell-Jones's death, but the blunt head injury was a contributing cause as well.

In December 2016, following an investigation, the People charged defendant with Spruell-Jones's murder. (§ 187.) In committing that murder, the People alleged defendant personally used a firearm, discharged a firearm, and discharged a firearm causing great bodily injury or death. (§ 12022.53, subds. (b), (c), & (d).) Defendant pleaded not guilty.

During trial, counsel discussed with the trial court whether there was sufficient evidence to warrant an instruction on voluntary manslaughter. The prosecutor argued there was no evidence the victim was killed during a fight and thus, no evidence to support a voluntary manslaughter instruction. Defense counsel argued to the contrary. The court deferred on the ruling until the end of trial.

---

[1] Undesignated statutory references are to the Penal Code.

2

At the end of trial, the court again raised the issue of whether to instruct the jury on voluntary manslaughter and invited further discussion from both parties. Counsel each submitted the issue based on arguments made off the record. The court ruled: "I do not believe that sufficient evidence of provocation has been presented to warrant the giving of this jury instruction, so I'm going to deny that jury instruction."

During closing arguments, defendant's counsel argued for defendant's acquittal. Counsel posited defendant and Spruell-Jones were in an argument when the gun accidentally went off, killing Spruell-Jones: "That is not second degree murder. That is not first degree murder. Might be something else, but it's not what he's charged with. That might be a hard pill to swallow, but it's not what he's charged with." Counsel offered the jury multiple other theories that would result in defendant's acquittal: "[t]he firearm discharged itself. [¶] [f]irearm malfunction. [¶] [i]ntoxication related."

"So at this point what I just want to do is implore you folks to look into these alternative explanations. Essentially what I have given you are several factors for the three main questions to ask why [exit the freeway there]? . . . How did [Spruell-Jones] end up dead or what action was it that led to her death? I have essentially given you a choose-your-own-adventure map, that any of the factors under these three questions that we covered in any mixture leads to a not guilty verdict."

Counsel concluded: "The factors that we presented to you this morning swing in only one direction and that is a not guilty verdict."

The court instructed the jury on murder, including the degrees of murder. "If you decide that the Defendant committed murder, it is murder of the second degree unless the People have proved beyond a reasonable doubt that it is murder of the first degree as defined in CALCRIM Number 521." The court then instructed the jury on CALCRIM No. 521, which requires the People to prove defendant "acted willfully, deliberately[,] and with premeditation" when he killed Spruell-Jones.

On February 7, 2019, the jury found defendant guilty of first degree murder. The jury also found true the allegation that defendant committed the murder with a firearm. On May 31, 2019, the trial court sentenced defendant to an aggregate term of 50 years to life in state prison.

Defendant appeals from the judgment.

A.    *Ineffective Assistance of Counsel*

Defendant contends he was denied his constitutional right to the effective assistance of counsel at trial because counsel failed to request a CALCRIM No. 522 pinpoint instruction on subjective provocation. We are not persuaded.

The burden is on defendant to establish ineffective assistance of counsel by a preponderance of the evidence. (*People v. Ledesma* (1987) 43 Cal.3d 171, 218.) To do so, a defendant "must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Cudjo* (1993) 6 Cal.4th 585, 623, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-696 [80 L.Ed.2d 674, 693].)

On direct appeal, as here, this burden is stringent. When the record on appeal " ' "sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254.)

Decisions about which jury instructions to request is an inherently tactical choice to be made by counsel. (*People v. Padilla* (2002) 98 Cal.App.4th 127, 137.) Here, the trial court instructed the jury on general principles of law, including murder and premeditation and deliberation. Counsel could have reasonably concluded the

4

instructions given, which correctly stated the law, were adequate to address the issue of defendant's intent.

Moreover, the trial court refused to instruct the jury on voluntary manslaughter, finding insufficient evidence of provocation. After that ruling, defense counsel may have made a strategic decision to focus on achieving a complete acquittal rather than leaving defendant to face a murder conviction, even one reduced to second degree murder under a theory of subjective provocation.

B.      *Mental Health Diversion*

Effective June 27, 2018, section 1001.36 created a pretrial diversion program for a defendant suffering from a "mental disorder [that] was a significant factor in the commission of the charged offense" (§ 1001.36, subd. (b)(1)(B)), provided a series of requirements are satisfied. (*Id.*, subd. (b)(1)(A)-(F).) Where defendant qualifies for diversion, prosecution of the charged offense is postponed while defendant undergoes mental health treatment. (*Id.*, subd. (c).) If a defendant performs "satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (*Id.*, subd. (e).) Defendant urges us to remand this matter so the trial court can determine his eligibility for pretrial diversion under section 1001.36 asserting that section 1001.36 applies retroactively.

During the pendency of this appeal, the Supreme Court determined that section 1001.36 is retroactive in cases that are not final when it went into effect. (*People v. Frahs* (2020) 9 Cal.5th 618, 624-625.) Defendant was charged in December 2016, found guilty on February 7, 2019, and sentenced on May 31, 2019. He never requested a hearing.

As a general rule, "a party may forfeit [the] right to present a claim of error to the appellate court if he did not do enough to 'prevent[]' or 'correct[]' the claimed error in the trial court . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.) The

5

forfeiture doctrine is not absolute, however, as we are "generally not prohibited from reaching a question that has not been preserved for review by a party. [Citations.]" (*Ibid.*) But defendant does not ask us to reach a question that he failed to preserve for review or, for that matter, even ask us to correct a claimed error made by the trial court. Rather, he seeks remand to allow him to pursue a section 1001.36 pretrial diversion program that he did not pursue below, despite the fact that the program was in place when he was sentenced. Under these circumstances, we decline to overlook the forfeiture rule. (See, e.g., *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 [where the defendant failed to invite the trial court to exercise its discretion, he forfeited his right to raise the issue on appeal].)

## C.     *Clerical Error*

Defendant notes, and the People agree, the abstract of judgment reflects that an enhancement under section 12022.53, subdivision (f) was stayed. This is incorrect. The court actually imposed and stayed the enhancement under section 12022.53, subdivision (c). The abstract of judgment should be corrected to reflect the judgment of the court.

DISPOSITION

The clerk of the trial court is directed to correct the abstract of judgment consistent with this opinion. The judgment is affirmed.

\s\                      ,
BLEASE, Acting P. J.

We concur:


\s\
HULL, J.


\s\                  ,
KRAUSE, J.

6